RECOMMENDED FOR FULL-TEXT PUBLICATION
*Pursuant to Sixth Circuit Rule 206*

ELECTRONIC CITATION: 2002 FED App. 0076P (6th Cir.)
File Name: 02a0076p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

GEOFFREY BURROUGHS,
    *Petitioner-Appellee,*

    *v.*

JOHN MAKOWSKI,
    *Respondent-Appellant.*

No. 00-1471

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-73191—John Corbett O'Meara, District Judge.

Argued: June 5, 2001

Decided and Filed: February 28, 2002

Before: KEITH, SILER, and CLAY, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Jerrold E. Schrotenboer, JACKSON COUNTY PROSECUTOR'S OFFICE, Jackson, Michigan, for Appellant. James Krogsrud, Detroit, Michigan, for Appellee. **ON BRIEF:** Jerrold E. Schrotenboer, JACKSON COUNTY PROSECUTOR'S OFFICE, Jackson, Michigan, for Appellant. James Krogsrud, Detroit, Michigan, for Appellee.

1

---

**OPINION**

---

SILER, Circuit Judge.  John Makowski, former warden of the Michigan Training Unit in Ionia, Michigan,[1] appeals the district court's grant of Geoffrey Burroughs's petition for habeas relief under 29 U.S.C. § 2254.  In opposing the habeas grant, Makowski argues that all of Burroughs's claims are procedurally defaulted.  We **REVERSE** the district court's issuance of a writ of habeas corpus and its order directing the State to vacate petitioner's conviction for felony murder, as Burroughs's claims are procedurally defaulted.

### I.  BACKGROUND

Burroughs and co-defendant, Virgil Green, were arrested for robbing a Mini Mart and killing a store employee, Jimmy Mentink.  Before trial, Green entered an unsworn guilty plea to charges of second degree murder and possession of a firearm in the commission of murder, stating that he went into the store alone with a semi-automatic rifle, robbed it, and shot Mentink because he did not want to be identified.  After a jury trial, Burroughs was convicted of felony murder, M.C.L. § 750.316; second-degree murder, M.C.L. § 750.317; armed robbery, M.C.L. § 750.529; and felony firearm charges, M.C.L. § 750.227b.

After the jury returned its verdict, trial counsel moved for a Judgment N.O.V. on the felony murder conviction based on insufficient evidence and the court granted it.  Burroughs then pled guilty to being a habitual felon.  Before sentencing, trial counsel filed a second Judgment N.O.V. on the second degree murder conviction, which the court also granted based on insufficient evidence.  The court then sentenced Burroughs to

---

[1]Makowski was Burroughs's warden when he filed the habeas petition.

judgment, the Michigan Court of Appeals and Michigan Supreme Court stated that he failed "to establish entitlement to relief under MCR 6.508(D)." Makowski correctly argues that the state appellate courts' reference to M.C.R. 6.508(D) denied petitioner's claims under the procedural default provision, M.C.R. 6.508(D)(3).

In *Simpson*, this court considered whether the Michigan Supreme Court based its judgment on an independent and adequate state procedural rule by stating that the defendant "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." 238 F.3d at 407. Though the ruling was brief and did not explicitly reference M.C.R. 6.508(D)(3), we determined that the Michigan Supreme Court's statement explained its order. *See id.* As "the last state court rendering judgment in the case, its decision denying [defendant's] claims on the basis of a state procedural bar prevents federal habeas review." *Id.*

Likewise, the Michigan Court of Appeals and Michigan Supreme Court's statements that Burroughs was not entitled to relief under M.C.R. 6.508(D) presents a sufficient explanation that their rulings were based on procedural default. We therefore **REVERSE** the district court's grant of a writ of habeas corpus and its order directing the State to vacate Burroughs's conviction for felony murder.

two years for the felony firearm conviction and ten to twenty years for armed robbery.

On direct appeal by both parties, the Michigan Court of Appeals found sufficient evidence for the second-degree and felony murder charges, reversed the trial court, and criticized it for improperly considering information not in evidence and failing to view the evidence in the light most favorable to the prosecution. It also affirmed the convictions for armed robbery, habitual-second and felony firearm charges. In light of the double jeopardy problem however, the court of appeals vacated the second-degree murder, armed robbery, and habitual-second convictions and remanded for sentencing on the felony murder and felony firearm charges.

Prior to resentencing, Burroughs filed his first motion for relief from judgment under M.C.R. 6.500, *et seq*., seeking to set aside the remaining charges and obtain a new trial based on prosecutorial misconduct and ineffective assistance of trial and appellate counsel. The circuit court rejected both claims and sentenced Burroughs to a life term for felony murder and a two-year term for the felony firearm conviction. The Michigan Court of Appeals rejected Burroughs's cruel and unusual punishment claim on appeal and affirmed his sentence. The Michigan Supreme Court denied leave to appeal.

Burroughs filed a second motion for relief under M.C.R. 6.500, *et seq*., alleging that: 1) Green's statement to a witness should have been admitted at trial and the court's failure to do so was a denial of his right to present a defense; 2) the government's failure to disclose Green's guilty plea and argument that Burroughs was the shooter constituted prosecutorial misconduct; 3) trial counsel's failure to present Green's guilty plea and to move for a directed verdict of acquittal on the two murder counts resulted in ineffective assistance of counsel; and 4) appellate counsel's failure to raise these issues on appeal by right was ineffective assistance of counsel. The circuit court denied these claims on the merits as well as on the first M.C.R. 6.500 motions decision

or the first Michigan Court of Appeals' decision. Subsequently, the Michigan Court of Appeals and the Michigan Supreme Court denied Burroughs's application for leave to appeal, stating he failed to establish "entitlement for relief under M.C.R. 6.508(D)." *See People v. Burroughs*, 585 N.W.2d 301 (Mich. 1998) (Table).

Burroughs then filed a petition for habeas corpus alleging the same issues presented in his second M.C.R. 6.500 motion. The reviewing magistrate judge found that none of Burroughs's claims was procedurally barred because the state appellate courts' general reference to M.C.R. 6.508(D), rather than explicitly referencing M.C.R. 6.508(D)(3) or its procedural language, was insufficient to constitute a reasoned opinion for procedural default under state law. Looking to circuit court's decision on the second M.C.R. 6.500 motion for guidance, he found that Burroughs's claims were rejected on the merits rather than on procedural default.[2]

In his recommendation, the magistrate judge first ruled that trial counsel was ineffective because he failed to move for a directed verdict of acquittal on both murder charges and that failure prejudiced his client because such a ruling would have changed the outcome of the proceeding. In addition, he held that the combined actions of the trial court and prosecutor permitted the prosecutor to distort the "the true nature of the facts available" to the jury and the mischaracterization's effect on the jury's verdict resulted in an unfair trial. Finally, he rejected petitioner's claims of ineffective assistance of appellate counsel. As a remedy, the magistrate judge recommended that the district court grant Burroughs's application for habeas relief and order the State to vacate his conviction for felony murder. The district court then adopted the magistrate judge's report and recommendation.

---

[2] The magistrate judge also found that the government failed to establish Burroughs's procedural default because it did not provide a copy of the circuit court's opinion denying the second motion for relief from judgment.

## II. DISCUSSION

Burroughs filed his petition for habeas relief in 1999, so its review is subject to 28 U.S.C. § 2254(d). The independent and adequate state ground doctrine procedurally bars federal courts from reviewing a habeas claim under § 2254 "when a state court decline[s] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (citations omitted). "In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven [with federal law], and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." *Id.* at 735.

The Supreme Court "encourage[s] state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest," but does not require the use of particular language in every case, at every stage of review, involving a state prisoner's federal claim. *Id.* at 739. "[W]hether a state court rested its holding on procedural default, thus barring federal habeas review, is a question of law to be reviewed *de novo*." *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). Under the procedural default analysis, a federal court "must determine if a petitioner failed to comply with a state procedural rule; and it also must analyze whether the state court based its decision on the state procedural rule." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

It is undisputed that Burroughs failed to properly present his arguments for state appellate review. Under M.C.R. 6.508(D)(3), a court may not grant relief if the defendant presents grounds which could have been raised on appeal from the conviction or sentence or in a prior M.C.R. 6.500 proceeding, unless the defendant demonstrates good cause for the failure and actual prejudice. In affirming the circuit court's rejection of Burroughs's second motion for relief from