**Clark ALEXANDER, Petitioner–Appellant,**

v.

**Dennis STRAUB, Respondent–Appellee.**

Nos. 01–2545, 02–1760.

United States Court of Appeals,
Sixth Circuit.

Dec. 26, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

*ORDER*

In these consolidated appeals, pro se Michigan prisoner Clark Alexander appeals the district court judgment that dismissed his 28 U.S.C. § 2254 petition and the district court orders that denied two post-judgment motions. These cases have been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Alexander of armed robbery. He was sentenced to 20–to–35 years of imprisonment. Alexander unsuccessfully challenged his conviction through direct appeals and state post-conviction efforts. In March 2000, Alexander filed the instant § 2254 petition, claiming: (1) that an in-court identification was the result of impermissibly-suggestive procedures, and (2) that the evidence was insufficient to support the jury's verdict.

The magistrate judge recommended that the district court deny Alexander's § 2254 petition. Over Alexander's timely objections, the district court adopted the findings of the magistrate judge, denied an evidentiary hearing, and denied habeas relief. The court granted Alexander a certificate of appealability on the question "whether Clyde Hayes's in-court identification of [Alexander] was the result of impermissibly suggestive procedures which created the substantial likelihood of misidentification...."

Alexander's notice of appeal-which rendered docket number 01–2545–was construed as a request for a certificate of appealability on Alexander's insufficiency-of-the-evidence claim, which the district court had determined was undeserving of the certificate. We denied a certificate on that issue and ordered briefing on the issue certified by the district court.

In the appeal numbered 02–1760, Alexander argues that the district court erred in denying his post-judgment motions to reconsider and to apply the correct legal standard to his identification claim. As these are true post-judgment motions, and not successive petitions, no certificate of appealability was required.

In 01–2545, Alexander argues that the district court erred in denying habeas relief. The Respondent contends that the district court did not err in denying habeas relief but that the court should have denied relief on an alternate ground.

Upon review, we conclude that the judgment that denied Alexander's § 2254 petition should be affirmed, albeit for reasons other than those stated by the district court. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). The Respondent cor-

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

rectly contends that the state appellate court orders that affirmed the denial of Alexander's motion for state post-conviction relief were reasoned decisions that relied upon the procedural bar to reject the suggestive-identification claim. *See Burroughs v. Makowski,* 282 F.3d 410, 414 (6th Cir.2002), *modified upon rehearing,* 2002 WL 1115469, 35 Fed.Appx. 402 (May 16, 2002). Alexander has not shown cause or prejudice for his failure to comply with the state rules, and he has made no claim of actual innocence. *Id.* at 413.

Our disposition of appeal number 01–2545 renders moot the issues raised in appeal number 02–1760.

For these reasons, the district court's judgment and orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.