**Anthony Arthur FEX, Petitioner–Appellant,**

v.

**John CASON, Respondent–Appellee.**

**No. 02–2128.**

United States Court of Appeals, Sixth Circuit.

June 25, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

### ORDER

Anthony Arthur Fex, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 6, 1998, Fex pleaded guilty to criminal sexual conduct in the third degree. He was sentenced to imprisonment for 10 to 15 years. Fex filed this § 2254 petition in which he raised the following claims: 1) he was deprived of his constitutional right to due process because the state court failed to tailor his sentence to the offense and the offender; 2) the trial court deprived him of his constitutional rights by waiting more than 180 days to rule on his motion for relief from judgment; 3) his sentence was based on inaccurate information in the pre-sentence report; 4) his appellate attorney was ineffective for failing to include a "dead bang winner" during Fex's direct appeal; 5) trial counsel was ineffective for failing to investigate and object to the inaccurate information in the pre-sentence report; 6) the trial court should have held an evidentiary hearing on his claims of ineffective assistance of counsel; 7) the imposition of the same sentence, in light of corrected sentencing guidelines, would result in a significant departure from the sentencing guidelines; and 8) the trial court was biased when it ruled on Fex's motion for relief from judgment.

The district court concluded that Fex's state procedural default barred substantive review of claims three through five. The court further held that Fex's remaining claims lacked substantive merit or were not cognizable on habeas corpus review. The court granted a certificate of appealability as to claims three, four, and five enumerated above, in accordance with *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). This court denied a certificate of appealability as to the claims not certified by the district court.

Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994);

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

256

*Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we conclude that the district court properly denied habeas corpus relief for the reasons stated by that court. The district court correctly concluded that the state appellate court order that affirmed the denial of Fex's motion for state post-conviction relief was a reasoned decision that relied upon a procedural bar to reject habeas claims three through five. *See Burroughs v. Makowski,* 282 F.3d 410, 414 (6th. Cir.2002), *modified upon rehearing,* 35 Fed.Appx. 402 (2002). Fex has not shown cause or prejudice for his failure to comply with the state rules, and he has made no claim of actual innocence. *Id.* at 413.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.