**Louis REEDUS, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

No. 02–1062.

United States Court of Appeals, Sixth Circuit.

Oct. 14, 2003.

On Appeal from the United States District Court for the Eastern District of Michigan.

Louis Reedus, pro se, Jackson, MI, for Petitioner–Appellant.

Brad H. Beaver, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

---

* The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

PER CURIAM.

Petitioner–Appellant Louis Reedus appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability as to the following two issues:

1) Whether petitioner was illegally arrested and whether all statement[s] made as a result of that arrest should be suppressed.

2) Whether petitioner was denied his [Six]th Amendment right to confrontation where [the] trial judge failed to inquire whether the [speaker of a particular statement] was unavailable[,] and whether [the admission of] th[at] statement [wa]s harmless in light of the fact that [the statement] supported the prosecutor's theory of transferred intent.

(J.A. 144). For the reasons that follow, we affirm the judgment of the district court.

## I.

Reedus is serving a 35 to 70 year sentence as a third-time habitual felony offender, following his jury trial conviction in the Recorder's Court for the City of Detroit on second-degree murder and felony firearms charges. The Michigan Court of Appeals described the facts underlying that conviction as follows:

This case involves the fatal shooting of Steven Wilkes by defendant [Reedus], also known as "Boogie." Defendant apparently sold crack cocaine out of a house located on Euclid Street in Detroit. On July 14, 1989, defendant was involved in a transaction with a woman in an automobile in front of the house. Believing that the woman shortchanged him, defendant yelled at her to wait, but

she began to speed off. Defendant fired two shots. One of the shots struck Wilkes, who was walking on the other side of Euclid Street. Defendant testified that he fired the shots at the grass to let the car's occupants know he had a gun.

*People v. Reedus,* Case No. 127778 (Mich. Ct.App. June 19, 1992).

At trial, Reedus's brother and house mate, Ricky Taylor, testified that after the shooting, a neighbor named Emanuel came by Reedus's house and said, "as big as that car was, Boogie missed both times." The trial court admitted such testimony over Reedus's objection, finding that the statement fell within the present sense impression exception to the hearsay rule. Reedus apparently did not challenge his arrest or seek to suppress any resulting statements in the trial court.

Reedus appealed his conviction and sentence as of right to the Michigan Court of Appeals, raising a Confrontation Clause claim among other claims, but not an illegal arrest claim. The Michigan Court of Appeals affirmed Reedus's conviction and sentence in the opinion cited above. The Michigan Supreme Court denied Reedus's delayed application for leave to appeal. *People v. Reedus,* 441 Mich. 906, 496 N.W.2d 291 (Mich.1992).

On April 23, 1997, Reedus filed a motion for relief from judgment in the trial court, advancing a claim of ineffective assistance of counsel. The trial court denied the motion, finding both that the claim was without merit, and that Reedus "ha[d] not shown good cause as to why this issue was not raised previously," as required by Michigan Court Rule 6.508(D)(3). (J.A. 107–08). The Michigan Court of Appeals denied Reedus's delayed application for leave to appeal, based on Reedus's "failure to meet the burden of establishing entitlement to relief under MCR 6.508." *People v. Reedus,* Case No. 211635 (Mich.Ct.App.

Sept. 9, 1999). On September 26, 2000, the Michigan Supreme Court also denied Reedus's delayed application for leave to appeal that decision, again "because [Reedus] has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Reedus,* 463 Mich. 877, 618 N.W.2d 595 (Mich.2000).

Reedus filed a petition for a writ of habeas corpus on August 9, 2000, including the Confrontation Clause claim raised on this appeal, and one other claim. In a supplemental filing permitted by the district court, Reedus raised additional issues, including an ineffective assistance of counsel claim relating to his purportedly illegal arrest and subsequent custodial statements. In denying the petition on November 28, 2001, the district court held that Reedus was not entitled to relief on his Confrontation Clause claim because the trial court did not err in admitting the hearsay statement, and because any possible error was harmless. The district court further found that Reedus's remaining claims were "barred by procedural default, [we]re otherwise without merit, and d[id] not warrant relief." (J.A. 20–21). As to Reedus's ineffective assistance of counsel claim premised upon trial counsel's alleged failure to investigate the circumstances of Reedus's arrest, the district court specifically found that such claim lacked merit. (J.A. 23–24). The court, nonetheless, issued a certificate of appealability as to the two issues presented on this appeal.

## II.

A federal court may grant a habeas corpus petition only when it concludes that the state adjudication of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring).

A petitioner's procedural default as to a claim in state court will preclude federal habeas review of that claim in federal court. *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir.2000). When a state court has declined to address a petitioner's federal claims for failure to meet a state procedural requirement, the state court's judgment rests on independent and adequate state procedural grounds, which will bar federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state prisoner who does not comply with a state's procedural rules is barred from federal habeas review unless the prisoner can demonstrate cause for noncompliance with the state rule and actual prejudice arising from the alleged constitutional violation, or, alternatively, can demonstrate a fundamental miscarriage of justice. *Id.* at 750. In order for the independent and adequate state ground doctrine to apply, however, the last state court rendering a judgment in the case must have based its decision on the procedural default. *Simpson*, 238 F.3d at 406. Whether a state court based its holding on procedural default so as to bar federal habeas review is a question of law to be reviewed *de novo*. *Wickline v. Mitchell*, 319 F.3d 813, 818 (6th Cir.2003), *petition for cert. filed*, —— U.S.L.W. ——, (U.S. Aug. 7, 2003)(No. 03–5819).

In reviewing a district court's decision to grant or to deny a petition for writ of habeas corpus under 28 U.S.C. § 2254, we review all questions of fact under a "clearly erroneous" standard and consider all questions of law *de novo*. *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999).

## III.

The district court stated the first issue certified for appeal as follows:

> Whether petitioner was illegally arrested and whether all statement[s] made as a result of that arrest should be suppressed.

(J.A. 144). The issue thus certified, however, differs from the following issue actually asserted in Reedus's petition:

> FAILURE OF TR[IAL] COUNSEL TO INVESTIGATE THE CIRCUMSTANCES SURROUNDING DEFENDANT['JS ARREST AND SEIZURE WAS PREJUDICIAL AND DENIED DEFENDANT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

(J.A. 39).

In its opinion denying Reedus's petition for writ of habeas corpus, the district court implicitly recognized the distinction, both describing and analyzing that claim as one brought under the Sixth Amendment for denial of effective assistance of counsel, rather than as a Fourth Amendment claim for illegal arrest. Because we agree with Respondent that the issue was certified in an erroneous form,[1] we will examine the issue as presented in Reedus's petition and as analyzed by the district court, as a Sixth Amendment ineffective assistance of counsel claim.

■ The district court correctly determined that Reedus's ineffective assistance of counsel claim is barred by procedural default. Under Michigan court rules, a

---

1. We also agree with Respondent's position

that Reedus's illegal arrest claim would repre-

defendant may not obtain relief from judgment if: (1) the judgment remains subject to review on direct appeal; (2) the issues that the movant seeks to raise already have been decided against him on direct appeal; or (3) the movant failed to raise the issues on direct appeal, and has not demonstrated cause and prejudice for the failure to do so. *See* M.C.R. 6.508(D). In denying Petitioner's application for leave to appeal the trial court's denial of his motion for relief from judgment, the Michigan Supreme Court specifically based its decision on Reedus's failure to "meet the burden of establishing entitlement to relief under MCR 6.508(D)." This Court previously held that an identically-worded judgment was based on an independent and adequate state procedural rule. *See Simpson,* 238 F.3d at 407. Thus, a state court's reference to M.C.R. 6.508(D) provides a proper basis for finding that a state procedural bar prevents federal habeas review. *Id.; see also Burroughs v. Makowski,* 282 F.3d 410, 414 (6th Cir.2002).

As the judgments of both the Michigan Court of Appeals and the Michigan Supreme Court denying Reedus post-judgment relief rested solely on an independent and adequate state procedural rule, federal habeas review of Reedus's ineffective assistance of counsel claim is barred absent a showing of cause and prejudice, or of a fundamental miscarriage of justice. We agree with the district court's conclusion that Reedus has made no such showing. Thus, Reedus's federal habeas claim based on ineffective assistance of counsel is procedurally barred.

We also concur with the district court's conclusion that Reedus's habeas claim based on the admission of hearsay evidence should be denied, for the reasons stated in that court's opinion—namely, that alleged trial court errors concerning the application of state evidentiary law are not cognizable as grounds for habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

### IV.

For the reasons stated above, we AFFIRM the judgment of the district court.

---

sent an unexhausted state law claim not properly before this Court. *See* 28 U.S.C. § 2254(b)(1); *Lott v. Coyle,* 261 F.3d 594, 601 (6th Cir.2001) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)), *cert. denied,* 534 U.S. 1147, 122 S.Ct. 1106, 151 L.Ed.2d 1001 (2002). We would deny habeas relief premised on Reedus's purported illegal arrest for the additional reason

that such Fourth Amendment claims generally cannot be raised for the first time on federal habeas review. *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir.2000) (citing *Stone v. Powell,* 428 U.S. 465, 494–95, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976)), *cert. denied,* 531 U.S. 1089, 121 S.Ct. 808, 148 L.Ed.2d 694 (2001).