*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0245p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

GEOFFREY BURROUGHS,

*Petitioner-Appellee,*

*v.*

No. 03-1984

JOHN MAKOWSKI,

*Respondent-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-73191—John Corbett O'Meara, District Judge.

Argued: April 26, 2005

Decided and Filed: June 7, 2005

Before: KEITH, CLAY, and FARRIS, Circuit Judges[*].

---

**COUNSEL**

**ARGUED:** Jerrold E. Schrotenboer, OFFICE OF ATTORNEY GENERAL, Jackson, Michigan, for Appellant. Richard Ginsberg, Ann Arbor, Michigan, for Appellee. **ON BRIEF:** Jerrold E. Schrotenboer, OFFICE OF ATTORNEY GENERAL, Jackson, Michigan, for Appellant. Richard Ginsberg, Ann Arbor, Michigan, for Appellee.

---

**OPINION**

---

PER CURIAM. Prison warden John Makowski appeals the grant of a writ of habeas corpus for Petitioner Geoffrey Burroughs. The district court adopted a magistrate judge's recommendation that the writ issue because Burroughs had shown cause and prejudice for his procedural default in the state courts by arguing ineffective assistance of appellate counsel. On the merits, the court granted the writ on all claims, including prosecutorial misconduct, ineffective assistance of trial counsel, and denial of the right to a defense in the trial court's failure to admit questioning regarding Burroughs's co-defendant's plea statement. We reverse.

---

[*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## *BACKGROUND*

Burroughs was found guilty of second degree murder, felony murder, armed robbery (on a plea of guilty), and felony firearm possession. After a jury verdict, the trial judge vacated the murder convictions. On appeal, the murder convictions were reinstated, and on remand, the second degree murder conviction was vacated by request of the prosecution. In 1992, after appeal but before sentencing, Burroughs filed a "motion for relief from judgment" pursuant to the post-appeal provisions of Michigan Court Rules 6.500 *et seq.* In that petition, he claimed ineffective assistance of appellate counsel and other errors in his trial and appeal. The motion was denied, and he was sentenced. He appealed the sentence on Eighth Amendment grounds, and his appeals were denied. In 1997, he filed a second motion for relief from judgment, raising four claims: (1) ineffective assistance of trial counsel in counsel's failure to bring a motion for directed verdict and to present Burroughs's co-defendant's statements from his guilty plea; (2) denial of due process in the prosecution's failure to disclose his co-defendant's statements; (3) denial of the right to present a defense in the trial court's failure to allow him to introduce his co-defendant's statements; and (4) ineffective assistance of appellate counsel in failing to raise these claims. The motion was denied for failure to satisfy Michigan Court Rule 6.508(D)(3), which prohibits raising claims in such motions when those claims could have been brought in prior motions for relief from judgment.

Burroughs then filed a habeas petition in federal court, re-raising the same four claims. The magistrate judge concluded that Burroughs had not, in fact, defaulted, and found the claims persuasive on the merits. In the magistrate judge's view, the Michigan courts' rejection of Burroughs's claims was on the merits, rather than on grounds of procedural default. The district court adopted the recommendation. On appeal, we reversed, finding the claims defaulted, and remanded for a consideration of whether Burroughs could establish cause and prejudice for his default. *Burroughs v. Makowski*, 282 F.3d 410 (6th Cir. 2002) [*Burroughs I*]. On remand, Burroughs argued only ineffective assistance of appellate counsel as his "cause." The magistrate judge accepted the argument and re-granted the writ. Makowski appeals.

## *DISCUSSION*

We must decide whether Burroughs has shown cause for, and prejudice arising from, his procedural default on his habeas claims. When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows "cause for the procedural default and prejudice attributable thereto . . . ." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). To show cause, a petitioner must show that "some objective factor external to the defense impeded . . . his efforts to comply with the State's procedural rule." *Id.* at 488. Cause and prejudice and procedural default are questions of law, which we review *de novo. Lundy v. Campbell*, 888 F.2d 467-70 (6th Cir. 1989).

Burroughs asserts as his "cause" his counsel's failure to raise the claims in his petition on prior direct appeal. "[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court" will establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray*, 477 U.S. at 488-89). To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted.

The magistrate judge concluded that the ineffective assistance of appellate counsel claim was not defaulted because, in his view, the 1992 motion was not a "motion for relief from judgment," but rather a motion for a new trial.[1] Michigan court rules procedurally bar claims in motions for relief from judgment "which could have been raised on appeal from the conviction and sentence or

---

[1] "Motions for relief from judgment" are post-appeal motions provided for by MICH. CT. R. 6.500 *et seq.*

in a prior [motion for relief from judgment.]" MICH. CT. R. 6.508(D)(3). Because he considered the 1992 motion as something other than a motion for relief from judgment, the magistrate judge therefore viewed the 1997 motion as being the first motion for relief from judgment. As such, that motion was the first in which Burroughs could have brought his claim of ineffective assistance of appellate counsel. As we determined in the first appeal of this case, however, the Michigan courts denied Burroughs's 1997 motion for relief from judgment on procedural default grounds. *Burroughs I*, 282 F.3d at 413-14. That denial necessarily included the determination that the claim of ineffective assistance of appellate counsel brought therein was defaulted.

Burroughs's claim of ineffective assistance of appellate counsel is not cognizable on habeas review. As that claim was procedurally defaulted, it cannot now be used to show cause and prejudice for his undisputed procedural default on his other claims. His petition must be dismissed.

REVERSED and REMANDED with instructions to dismiss the writ.