NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0796n.06
Filed: November 14, 2007

No. 05-1925

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JESSE SPENCER,

      Petitioner-Appellant,

v.                                   ON APPEAL FROM THE UNITED
                                        STATES DISTRICT COURT FOR THE
RAYMOND BOOKER,                   EASTERN DISTRICT OF MICHIGAN

      Respondent-Appellee.

                                 /

BEFORE:    BATCHELDER and GILMAN, Circuit Judges; and STAFFORD, District
               Judge.*

      **STAFFORD, District Judge.**  The petitioner, Jesse Spencer ("Spencer"), appeals from

the district court's denial of his petition for a writ of habeas corpus by a person in state custody.

We **AFFIRM**.

## I. BACKGROUND

      Following a jury trial, Spencer was convicted of second-degree murder for the 1997 brutal

murder of Buford Hughes, a frail, fifty-three-year-old man who lived with Spencer and his

mother, Evelyn Spencer Love.  Spencer was sentenced to an indeterminate sentence of twenty to

forty years' imprisonment.

      Spencer appealed his conviction to the Michigan Court of Appeals.  In that appeal,

Spencer raised neither an ineffective-assistance-of-counsel claim nor any sentencing issues.

    * The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

The Michigan Court of Appeals affirmed Spencer's conviction in an unpublished opinion on May 7, 1999. *People v. Spencer*, No. 207467, 1999 WL 33445261 (Mich. Ct. App. May 7, 1999).  The Michigan Supreme Court denied Spencer's delayed application for leave to appeal on November 29, 1999, stating: "[W]e are not persuaded that the questions presented should be reviewed by this Court." *People v. Spencer*, No. 114803, 605 N.W.2d 317 (Mich. 1999).

On November 9, 2000, Spencer filed a motion for relief from judgment in which he raised the same issues that were presented to the Michigan Court of Appeals on direct appeal.  He also raised several additional issues, including ineffective-assistance-of-counsel and sentencing issues.  Among other things, Spencer argued (1) that his trial counsel was ineffective because he failed to object at sentencing to the improper scoring of prior record variable 2 ("PRV 2"); and (2) that the trial court denied him a fair sentencing hearing when it based his sentence on erroneous information.  Spencer argued that his motion was not subject to dismissal under the Michigan procedural default rule, MCR 6.508(D)(3), because (1) the ineffective assistance of his appellate counsel (who failed to raise ineffective-assistance and sentencing issues on appeal) established good cause for his default, and (2) the court's improper reliance on his previous convictions resulted in an invalid sentence, establishing actual prejudice.

The state trial court denied Spencer's motion for relief from judgment on September 21, 2001.  Among other things, the state trial court rejected—on the merits—Spencer's ineffective-assistance-of-counsel and sentencing claims.  The Michigan Court of Appeals denied Spencer's delayed application for leave to appeal the trial court's denial of his motion for relief from judgment, stating that Spencer failed "to meet the burden of establishing entitlement to relief

under MCR 6.508(D)." The Michigan Supreme Court denied Spencer's application for leave to appeal on October 31, 2003, stating that Spencer had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Spencer*, 670 N.W.2d 674 (Mich. 2003).

Proceeding *pro se*, Spencer thereafter filed a petition for writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254, raising a number of issues, including (1) whether the state trial court erred when it failed to find that Spencer was denied the effective assistance of counsel; and (2) whether the state trial court erred when it failed to find that Spencer was denied a fair sentencing hearing and, thereby, due process. The district court denied Spencer's petition, finding—among other things—that Spencer's ineffective-assistance-of-counsel and due process claims were without merit. The district court thereafter granted a certificate of appealability, limited to Spencer's ineffective-assistance and due process claims. This timely appeal followed.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

In his federal habeas petition, Spencer challenged the state appellate courts' refusal to review his ineffective-assistance-of-counsel claim. In response, citing *Coleman v. Thompson*, 501 U.S. 722 (1991), Warden Raymond Booker ("Booker") argued that federal habeas review of Spencer's ineffective-assistance-of-counsel claim was barred because, in refusing to review the claim, the state appellate courts relied on an independent and adequate state procedural ground and Spencer failed to establish cause and prejudice to excuse his procedural default. *See id.* at 729 (holding that federal courts may not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). The district court rejected Booker's procedural default

argument but nevertheless denied relief on the merits. In essence, the district court determined that Spencer failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 688 (1984), thus dooming his ineffective-assistance-of-counsel claim. We review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004).

This court applies a four-part test to determine whether a claim has been procedurally defaulted:

> (1) the court must determine that there is a state procedural rule with which the petitioner failed to comply; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) the state procedural rule must have been an adequate and independent state procedural ground upon which the state could rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for his failure to follow the rule and that actual prejudice resulted from the alleged constitutional error.

*Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007) (quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002)). If the state courts do not clearly and expressly invoke a state procedural bar when rejecting a defendant's ineffective-assistance claim, but instead rule on the merits, then a federal court may reach the merits of the claim. *Coleman*, 501 U.S. at 735.

Here, it is clear that Spencer failed to comply with Michigan's procedural rule requiring a defendant to raise ineffective assistance of trial counsel on direct appeal. Spencer raised the issue, not on direct appeal, but in a post-conviction petition for relief from judgment. It is also clear that the procedural bar set forth in MCR 6.508(D) constitutes "an adequate and independent state procedural ground upon which the state [may] rely to foreclose review of a federal constitutional

claim." *Hartman*, 492 F.3d at 357; *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005) (noting that "[i]t is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims"); *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (noting that "we have held that MCR 6.508(D) was being regularly followed [by the Michigan courts] as of 1990").[1]  What is less clear is whether the state courts in this case actually enforced the state's procedural bar when denying relief on Spencer's ineffective-assistance claim.

Relying on *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), the district court determined that the Michigan appellate courts' general incantation of MCR 6.508(D) was inadequate to show that the state courts denied relief on the basis of the procedural bar set forth specifically in MCR 6.508(D)(3).  Finding no "clear and express invocation of a procedural bar," the district court concluded that Spencer's ineffective-assistance claim was not procedurally defaulted.  We disagree with the district court's conclusion.

---

[1]  M.C.R. 6.508(D) states in relevant part:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
　　　　(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
　　　　(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
　　　　(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
　　　　　　　　(a) good cause for failure to raise such grounds on appeal or in the prior motion, and
　　　　　　　　(b) actual prejudice from the alleged irregularities that support the claim for relief....

In *Abela*, the court noted:

> M.C.R. 6.508(D) states that "[t]he defendant has the burden of establishing entitlement to the relief requested." Although 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D). A court may deny relief from judgment under 6.508(D) for the non-procedural reason that the defendant simply failed to meet his burden of "establishing entitlement to the relief requested." As such the Michigan Supreme Court's citation to M.C.R. 6.508(D) in its order denying Abela leave to appeal does not demonstrate that that court denied him leave to appeal on the basis of a procedural default, much less on the procedural ground described in M.C.R. 6.508(D)(3),

*Abela*, 380 F.3d at 922. Because, in Abela's case, the state trial court and the state court of appeals denied relief on the merits of Abela's federal claims and the Michigan Supreme Court denied relief on the basis of MCR 6.508(D) in general, a panel of this court found that the claims raised in Abela's federal habeas petition were not procedurally defaulted. According to the *Abela* court, "given that all of the lower state courts adjudicated Abela's case on the merits, it is not at all clear that the Michigan Supreme Court's summary order relies on a procedural bar, as opposed to the non-procedural reason that Abela simply failed to meet his burden of 'establishing entitlement to the relief requested.' " *Id.* at 923.

Since *Abela*, a different panel of this court has considered a case factually similar to this case. *McCray v. Metrish*, 232 F. App'x 469 (6th Cir. 2007) (unpublished decision). As happened here, the defendant in *McCray* (1) raised an ineffective-assistance-of-counsel claim in a motion for relief from judgment rather than on direct appeal; (2) the Michigan trial court addressed and rejected McCray's claim on the merits; and (3) the state appellate courts—both the Michigan Court of Appeals and the Michigan Supreme Court—refused to review McCray's

ineffective-assistance claim, stating in one-sentence orders that McCray had "failed to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." *Id.* at 478. Citing established Sixth Circuit precedent, our court held that the state appellate courts' summary invocation of MCR 6.508(D) made clear that the state courts' decision to deny relief rested exclusively on a state procedural rule. *Id.* at 478 (citing six cases: *Luberda v. Tripett*, 211 F.3d 1004, 1005 (6th Cir. 2000); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Munson v. Kapture*, 384 F.3d 310, 314-15 (6th Cir. 2004); *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 387 (6th Cir. 2004); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); and *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000)). Rejecting McCray's *Abela*-based argument to the contrary, our court explained that, absent *en banc* consideration to overrule a published opinion of the circuit, the *Abela* court could not have overruled *Luberda* and its progeny. *McCray*, 232 F. App'x at 478 n.1; *see, e.g.*, *Luberda*, 211 F.3d at 1006 (finding the defendant's ineffective-assistance-of-trial-counsel claim procedurally defaulted where the state trial court considered the claim on the merits but the Michigan Court of Appeals ruled that Luberda had "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)"); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002) (finding that the Michigan appellate courts' summary statement that the petitioner was not entitled to relief under MCR 6.508(D) "presents a sufficient explanation that their rulings were based on procedural default"). Having found that the state appellate courts' decision rested on an independent and adequate state procedural ground, this court held that McCray's ineffective-assistance-of-counsel claim was barred from federal court review absent a showing of cause for the default and prejudice arising therefrom.

As the court found in McCray's case, we find in this case that the Michigan appellate

courts' summary statements invoking MCR 6.508(D) made clear that the "decision to deny relief rested exclusively on a state procedural rule." *McCray*, 232 F. App'x at 478. Spencer's ineffective-assistance claim, therefore, is barred from review in this court unless Spencer can show that "there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Coleman*, 501 U. S. at 749. Spencer has made no such showing here.[2]

Spencer contends that he was prejudiced by his counsel's failure to object to a sentencing variable—PRV 2—that was scored incorrectly as 25 points. In Michigan, if ten or more years elapse between the date on which a prisoner is discharged from a prior conviction and the date of his or her next offense, the prior conviction may not be used in scoring PRV 2. Spencer in fact received a PRV 2 score of 25 points based on a 1981 prior conviction. Because Spencer was fully discharged from that 1981 conviction on September 21, 1983, more than 10 years before his 1997 murder of Buford Hughes, his PRV 2 score should have been 0 and not 25. Booker now concedes that Spencer's PRV 2 score was erroneously scored.

Relying on an incorrect PRV 2 score of 25, the state trial court determined that Spencer's Guidelines range for the minimum sentence was 15 to 30 years. Had the state trial court instead used a PRV 2 score of 0, Spencer's Guidelines range for the minimum sentence would have been 10 to 25 years. In either case, the statutory maximum sentence was life in prison.

That Spencer's counsel failed to object to an incorrect PRV 2 score does not mean that

---

[2] "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Spencer makes no attempt to show that he is "actually innocent" of the crime with which he was charged.

Spencer necessarily suffered prejudice. To show prejudice, Spencer must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[3] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200 (2001).

Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Here, the trial court sentenced Spencer to an indeterminate term of imprisonment of 20 to 40 years. The 20-year minimum sentence was based upon a minimum Guidelines range of 15 to 30 years, and that minimum sentence did not exceed two-thirds of the maximum as required under the Michigan Supreme Court's decision in *People v. Tanner*, 199 N.W.2d 202, 204-05 (Mich. 1972) (holding that "any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act"). As noted in its

---

[3] To establish prejudice arising from a procedural default, "a petitioner advancing an ineffective-assistance claim must make the same showing that he would have been required to make to establish that the ineffective assistance itself was prejudicial." *McCray*, 232 Fed. Appx. at 479 (citing *Joseph v. Coyle*, 469 F.3d 441, 462-63 (6th Cir. 2006)).

order denying Spencer's post-conviction motion for relief from judgment, the state trial court considered Spencer's 20-year minimum sentence to be "proportional to the crime, especially since this was a serious offense."

Whether the trial court would have imposed a lesser sentence had the PRV 2 score been correctly calculated is anything but clear. The sentence that Spencer actually received—20 to 40 years—fell within the relevant minimum and maximum sentencing ranges whether Spencer's PRV 2 score was 25 points or 0 points. Thus, even if the state trial court had correctly calculated Spencer's PRV 2 score, it nonetheless could have imposed the very same sentence without running afoul of either the state sentencing guidelines range or the *Tanner* two-thirds rule. Because there is nothing in this record to suggest that the state trial court would have been inclined to impose a lesser sentence given a 0-point PRV 2 score, we find no merit to Spencer's argument that he was prejudiced by his counsel's purported ineffectiveness. Even if we were to assume, for the sake of argument, that Spencer could establish cause for his procedural default, his failure to establish prejudice precludes us from excusing that default. Accordingly, we conclude that Spencer's ineffective-assistance-of-counsel claim is barred from federal habeas review.

### B. DUE PROCESS

Spencer contends that he was denied due process because the state trial court relied on an incorrect PRV 2 score when sentencing him. Like his ineffective-assistance claim, his due process claim was not raised until Spencer filed his post-conviction motion for relief from judgment. In denying Spencer's motion for relief from judgment, the state trial court stated:

> [Spencer's] claim that the presentence report was
> inaccurate, has no merit. A defendant cannot
> contend that this Court's reliance on the [inaccurate]
> presentence report resulted in a wrongful sentence

because neither he nor his attorney objected to those
matters during the sentencing hearing.

The Michigan Court of Appeals and the Michigan Supreme Court denied Spencer's applications for leave to appeal because Spencer failed "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Thus, no state court addressed Spencer's due process claim on the merits.

As it did with Spencer's ineffective-assistance-of-counsel claim, the district court addressed—and denied—Spencer's due process claim on the merits. We again conclude that (1) an adequate and independent state law ground (procedural default) supported the Michigan Supreme Court's judgment denying review of Spencer's due process claim, and (2) Spencer has not shown that he was prejudiced by the state trial court's reliance on an inaccurate PRV 2 score. Federal review of Spencer's due process claim is thus foreclosed.

### III. CONCLUSION

Because the federal courts are barred from reviewing Spencer's ineffective-assistance-of-counsel and due process claims, we **AFFIRM**—albeit on different grounds—the district court's denial of Spencer's petition for writ of habeas corpus.