RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0248P (6th Cir.)
File Name: 04a0248p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

MICHAEL HICKS,
    *Petitioner-Appellee,*

    *v.*       No. 03-1124

DENNIS M. STRAUB, Warden,
    *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-70951—Arthur J. Tarnow, District Judge.

Argued: March 18, 2004

Decided and Filed: July 29, 2004

Before: KENNEDY, ROGERS, and COOK, Circuit
Judges.

———————

## COUNSEL

**ARGUED:** Brad H. Beaver, OFFICE OF THE ATTORNEY
GENERAL, Lansing, Michigan, for Appellant. Carole M.
Stanyar, Detroit, Michigan, for Appellee. **ON BRIEF:** Brad
H. Beaver, OFFICE OF THE ATTORNEY GENERAL,
Lansing, Michigan, for Appellant. Carole M. Stanyar,
Detroit, Michigan, for Appellee.

KENNEDY, J., delivered the opinion of the court, in which
COOK, J., joined. ROGERS, J. (p. 35), delivered a separate
concurring opinion.

———————

## OPINION

———————

KENNEDY, Circuit Judge. The district court conditionally
granted the petition for a writ of habeas corpus under 28
U.S.C. § 2254 of Petitioner Michael Hicks, a Michigan
prisoner, on his claim that his Sixth Amendment right to
confrontation was violated at his first-degree murder trial
when the prosecutor, during his opening statement, advised
the jury that petitioner had confessed to the murder to a fellow
jail inmate and, yet, subsequently failed, despite a good faith
effort, to produce that inmate as a witness.[1] The district court
found that the procedural default doctrine did not bar the
review of petitioner's Confrontation Clause claim.
Specifically, the court held that (1) petitioner had "fairly
presented" his Confrontation Clause claim to the state courts
on direct review; (2) to the extent that the state courts on
direct review would have found that petitioner procedurally
defaulted his Confrontation Clause claim as a result of trial
counsel's failure to object to the underlying violation at trial,
the ineffective assistance of trial counsel would have excused
any such default; and, (3) petitioner had not procedurally
defaulted his Confrontation Clause claim before the state
courts on collateral review because the state procedural
ground upon which the state courts denied petitioner leave to
appeal was inadequate to bar federal habeas review.

In reaching the merits of petitioner's Confrontation Clause
Claim, the district court found that the prosecutor's opening

———————

[1]The court granted the petition unless the State of Michigan
scheduled a new trial for petitioner within ninety days.

statement comment concerning petitioner's alleged confession violated petitioner's right to confrontation, and that this violation was not harmless error. The district court further found, pursuant to § 2254(d), that the prior state-court denial of petitioner's Confrontation Clause claim on the merits was an unreasonable application of the pertinent, clearly-established Supreme Court precedent.

Respondent Dennis Straub appeals this grant of the writ of habeas corpus on the following grounds: (1) the district court erred in reaching the merits of petitioner's claim because petitioner procedurally defaulted his claim by failing to raise it on direct review and because trial counsel's failure to object did not constitute ineffective assistance of counsel that would excuse this default; (2) the district court violated 28 U.S.C. § 2254(e)(2) when it held an evidentiary hearing on petitioner's claim of ineffective assistance of trial counsel because petitioner had failed to develop the factual basis underlying that claim in the state courts; and (3) assuming that the district court had the authority to reach the merits of petitioner's Confrontation Clause claim, it erred in granting relief because the prosecutor's remark did not violate petitioner's right to confrontation under the relevant, clearly-established Supreme Court precedent.

For the reasons explained below, we REVERSE the district court's grant of a writ of habeas corpus to petitioner under 28 U.S.C. § 2254.

## I. Procedural History

Adjudication of respondent's present appeal requires an understanding of the complex procedural history that bears upon that appeal in the state courts.

### A. Pre-Trial and Trial

On July 25, 1993, petitioner was arrested and charged with the first-degree murder of Shawn Stalworth, who had been shot to death earlier that day as he was leaving his house in Battle Creek, Michigan. Following his arrest, petitioner was confined in a local jail, where he allegedly confessed to another inmate, Lorenzo Brand ("Brand"), that he had committed the murder. Brand testified to this confession at petitioner's preliminary hearing. At petitioner's jury trial, the prosecutor, during his opening statement, stated, in pertinent part:

> Defendant was arrested. He was charged. He was arraigned. He was taken to the City of Battle Creek lockup, not the county jail, but the lockup pending transfer, moving him over here. While he was there[,] there was another person in the lockup. He goes, hey, my mom just saw you on a videotape . . . . He said my mom told me she just saw a person and they accused him of homicide. You kill that man? What did he say? Yep, yep.

At the close of the state's case, the prosecutor informed the court that the state would not call Brand as a witness because it had been unable to locate him. The prosecutor admitted that he did not believe that the state's efforts to locate Brand met with the due diligence required under Michigan case law for the admission of preliminary examination testimony. The trial court agreed and declined to admit the testimony. Despite the prosecutor's failure to produce Brand, defense counsel neither objected to nor requested a mistrial based upon the prosecutor's opening statement relaying that confession. Further, defense counsel never mentioned the prosecutor's statement regarding petitioner's alleged confession in his opening statement, which he had reserved until the close of the prosecution's case. Neither defense counsel nor the prosecutor mentioned the alleged confession in closing arguments.

The trial court gave the jury the customary instruction that "[t]he lawyers' statements and arguments are not evidence," and further instructed:

Lorenzo Brand is a missing witness whose appearance was the responsibility of the [p]rosecution. You may infer that the witness' testimony would have not been favorable to the [p]rosecution's case.

However, because the prosecutor's opening statement never named the jail inmate to whom petitioner allegedly confessed, and because no mention was ever made before the jury that Brand was that inmate, the jury had no knowledge with which to tie the trial court's "Brand" instruction to the prosecutor's opening statement regarding the alleged confession.[2] Moreover, immediately after this instruction, the district court gave an instruction as to when the jury could properly consider an unrelated out-of-court statement made by petitioner that had been admitted into evidence.

The jury convicted petitioner of first-degree murder and possession of a firearm during the commission of a felony. The trial court sentenced petitioner to life imprisonment without parole on the murder conviction and to two years' imprisonment on the felony-firearm conviction.

## B. Direct Review

Petitioner filed an appeal as of right in the Michigan Court of Appeals. Petitioner presented, among others, the following two claims:

I. Defendant . . . was denied a fair trial by the prosecutor's numerous instances of misconduct,

---

[2]The only plausible way for the jury to make the necessary connection would have been to compare the list of witnesses mentioned during the voir dire with the actual witnesses called. Whether the jury made that connection is unknown.

including arguing matters not in evidence, such as defendant's supposed admission to committing the murder, and by repetitively cross-examining defendant on the irrelevant matter of his being a marijuana dealer.

II. Because of defense counsel's failures[,] . . . [defendant] was denied his rights to the effective assistance of counsel, to present an effective defense, and to a fair trial.

Petitioner only asserted that these instances of prosecutorial misconduct violated defendant's rights to due process and a fair trial; he never argued that this misconduct also violated his Sixth Amendment right to confrontation. During his appeals in the state courts, petitioner argued that no curative instruction could have remedied the prejudice to defendant. During the direct appeal, no one mentioned that the curative instruction that identified Brand was referring to the jail inmate in the prosecutor's opening statement to whom petitioner allegedly confessed. Since trial counsel never objected to this alleged prosecutorial misconduct, petitioner argued that this failure to object resulted in the requisite manifest injustice which rendered any such objection unnecessary, and, alternatively, that the failure amounted to an ineffective assistance of counsel. Thus, petitioner's independent claim of ineffective assistance of counsel rested, in part, upon this failure by trial counsel.[3]

Petitioner filed a motion to remand the case to the trial court for an evidentiary hearing on his claim of ineffective

---

[3]Petitioner also argued that trial counsel rendered ineffective assistance when he failed to impeach a witness with testimony from his preliminary examination; to make appropriate motions, both before and during trial; to cross-examine a witness concerning her in-court identification of defendant with her prior statement that she could not identify the perpetrator; and to prepare petitioner's alibi defense adequately.

assistance of trial counsel. The Michigan Court of Appeals affirmed petitioner's conviction and sentence. *People v. Hicks*, No. 171833 (Mich. Ct. App. Nov. 8, 1996). As to the first claim, the court found that trial counsel, by failing to object to the alleged instances of prosecutorial misconduct at trial, had failed to preserve this claim for review absent a miscarriage of justice. *Id.* Noting that only a miscarriage of justice would excuse this failure, the court further found that there was "no manifest injustice in the prosecutor's comment during his opening statement that defendant allegedly confessed to the crime to a fellow inmate, even though the prosecution later failed to produce that witness." *Id.* The court reasoned that the trial judge's instruction to the jury that it "could assume that the witness the prosecution was unable to produce would have testified unfavorably to the prosecution, and that . . . [it was] not to consider defendant's alleged out-of-court admission as evidence of his guilt" remedied any potential prejudice that may have resulted from this comment.

After noting that the defendant failed to properly preserve the issue, the court of appeals nonetheless decided to address the merits of his ineffective assistance of trial counsel claim, and found that he "failed to overcome the presumption that he was afforded effective assistance of counsel." *Id.* Specifically, the court held that "in each instance, the action [that] defendant suggests that counsel should have taken[] would have either been futile, or a matter of strategy that th[e] [c]ourt is unwilling to second-guess on appeal." The Michigan Court of Appeals denied petitioner's motion to remand on the ground that petitioner "failed to identify an issue sought to be reviewed on appeal and demonstrate by affidavit or an offer of proof regarding the facts to be established at a hearing," as M.C.R. 7.211(c)(1)(a)(ii) requires. *People v. Hicks*, No. 171833 (Mich. Ct. App. Dec. 6, 1995).

Petitioner then filed a delayed application for leave to appeal to the Michigan Supreme Court, presenting the same

claims that he had presented to the Michigan Court of Appeals. Petitioner also filed a motion to remand the case to the trial court for an evidentiary hearing on his ineffective-assistance-of-trial-counsel claim. On November 7, 1997, the Michigan Supreme Court denied petitioner leave to appeal and denied the motion for remand on the ground that it was "not persuaded that [it should review] the questions presented." *People v. Hicks*, 456 Mich. 884 (Mich. 1997).

## C.  State Collateral Review

On January 29, 1999, petitioner filed a motion for relief from judgment in the trial court, pursuant to M.C.R. 6.500.[4] The record indicates that petitioner made the following two claims, among others, in that motion:

I.   [Petitioner was] denied his constitutional right to confront witnesses against him when the prosecutor advised the jury during opening statement that defendant had confessed to the murder, where the prosecutor without even the pretense of due diligence failed thereafter to produce the witness to the alleged confession, where defense counsel never responded to the issue of the "confession" in any way, and where the trial court's instructions failed

---

[4]Petitioner had previously filed–on January 26, 1999–a writ of habeas corpus under 28 U.S.C. § 2254. Conceding that his petition contained unexhausted claims, petitioner explained that he had filed the petition to avoid a perceived violation of the applicable statute of limitations. Petitioner stated that he wanted to pursue state collateral review so as to exhaust these claims as well as to raise claims based upon a denial of his right to confrontation and upon a denial of his right to the effective assistance of counsel. The district court dismissed the petition without prejudice on September 29, 1999, pursuant to the parties' stipulation that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations would be tolled during the pendency of state collateral review, and that any re-filed § 2254 petition would not constitute a "successive petition" under 28 U.S.C. § 2244(b)(2). *Hicks v. Straub*, No. 99-70299 (E.D. Mich. September 29, 1999).

utterly to remedy the enormous prejudice to the defendant.

II.  [Petitioner was] deprived of the effective assistance of counsel when trial counsel failed to object or move for mistrial based upon an obvious deprivation of the right to confront witnesses following the prosecutor's unsupported statement to the jury that the defendant had confessed, and where appellate counsel failed to frame the issue properly as the deprivation of the right to confront witnesses in violation of the Sixth Amendment.

In support of his claims, petitioner argued, for the first time, that the trial court's jury instruction on Brand was incapable of curing the prosecutor's statement to the jury that petitioner had confessed to a jail inmate because that statement never *disclosed* the name of that jail inmate while the court's instruction only referenced Brand by name, not by his role as the jail inmate to whom petitioner allegedly confessed. Petitioner further argued that, had Brand testified, defense counsel would have had substantial evidence with which to impeach his testimony.

In an order dated March 16, 2000, the state trial court denied petitioner's motion for relief from judgment. *People v. Hicks*, No. 93-2188FC (Calhoun County Circuit Court March 16, 2000). The court outlined its reasons for that denial at a hearing on March 6, 2000.[5] During that hearing,

---

[5]During an earlier hearing, at which only the prosecutor appeared, the prosecutor argued that the Michigan Court of Appeals had decided all of the claims in petitioner's motion for relief from judgment. The trial judge then stated:

That's what I thought. I read the Court of Appeals opinion again, the ineffective assistance, the alleged prosecutorial misconduct, the comments made in the opening statement that were never followed up about the jail compatriot claiming the [d]efendant made statements. In any event all of these have been

petitioner argued that, although his Confrontation Clause and Due Process Clause claims are grounded on the same factual predicate, they are legally distinct. Therefore, he argued the Michigan Court of Appeals decided only the latter, but not the former claim.[6] Petitioner further argued that the ineffective assistance of appellate counsel had prevented him from presenting his Confrontation Clause claim to the court of appeals. He asserted that both trial counsel and appellate counsel were ineffective for failing to identify and to raise the Confrontation Clause claim at trial and on direct review, respectively.

The trial court noted that the Michigan Court of Appeals had held that trial counsel was not ineffective. Nevertheless, it stated that, "[b]ecause this is a first degree murder conviction and a felony firearm conviction, . . . [it was] willing to address the underlying substance of the motion." The court stated that, because defendant testified that he had an alibi defense and completely denied having anything to do with the murder, the defense "clearly contradicted the [p]rosecutor's opening statement [that defendant had confessed]." The trial court then noted that it had instructed the jury that the lawyers' arguments and statements are not evidence and that the jury's decision must be based upon only evidence. The court concluded that, "technically," there is no "confrontation issue" because, absent the prosecutor's statement, "there was no evidence brought into play against the defendant." While reading onto the record the Michigan Court of Appeals' opinion denying petitioner's ineffective-

---

addressed, so that motion is denied.

Petitioner's counsel failed to attend this hearing due to a scheduling error. The state court re-scheduled the hearing on petitioner's motion for March 6, 2000, at which hearing both counsel were present.

[6]Presumably in response to this contention, the prosecutor argued that petitioner should not be permitted to present an argument that is simply worded differently.

assistance-of-counsel claim, the trial court underscored the following excerpt as the most important in its view:

> [T]he record provides no support for [d]efense's proposition that counsel's failure to object to the admission of evidence, his failure to request a pretrial lineup, his failure to extensively cross-examine an eyewitness, or his presentation of the [d]efendant's defense fell below the objective standard of reasonableness. We find that defendant has failed to overcome the presumption that he was afforded effective assistance of counsel.

Based upon this excerpt, the trial court concluded that petitioner had not presented a "specific discrete allegation of ineffective assistance." Rather, according to the trial court, petitioner's allegation "was wide-ranging" and involved a "number of different areas . . . to demonstrate ineffective assistance." As a result, the trial court also agreed with the court of appeals that trial counsel's assistance was not ineffective, reasoning that defendant had posited an alibi defense before the jury, and that the court had instructed the jury that lawyers' statements are not evidence. The court then denied petitioner's motion.[7]

Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, presenting these claims:

---

[7] We note that the Michigan Court of Appeals' decision, on direct review, necessarily addressed only petitioner's claim of ineffective assistance of *trial* counsel. We further note that, while the trial court, in denying petitioner's post-conviction motion, did not expressly articulate its reasoning for the denial of petitioner's claim that *appellate* counsel was ineffective for failing to raise a Confrontation Clause challenge on direct review, such a holding implicitly follows from its express finding that trial counsel was not ineffective for failing to raise such a challenge at trial.

> I. The trial court was clearly erroneous in rejecting defendant[]'s claim that he was denied his constitutional right to confront witnesses against him when the prosecutor advised the jury during opening statement that defendant had confessed to the murder, where the prosecutor without even the pretense of due diligence failed thereafter to produce the witness to the alleged confession, where defense counsel never responded to the issue of the "confession" in any way, and where the trial court's instructions failed utterly to remedy the enormous prejudice to the defendant.
>
> II. The trial court was clearly erroneous in rejecting defendant[]'s claim that he was deprived of the effective assistance of counsel when trial counsel failed to object or move for mistrial based upon an obvious deprivation of the right to confront witnesses following the prosecutor's unsupported statement to the jury that the defendant had confessed, and where appellate counsel failed to frame the issue properly as the deprivation of the right to confront witnesses in violation of the Sixth Amendment.

The Michigan Court of Appeals denied petitioner leave to appeal on the ground that petitioner had failed "to meet the burden of establishing entitlement to relief under M.C.R. 6.508." *People v. Hicks*, No. 226074 (Mich. Ct. App. Aug. 11, 2000).

Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the same claims that he had presented to the Michigan Court of Appeals. The Michigan Supreme Court denied petitioner leave to appeal, ruling that petitioner had failed "to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Hicks*, 463 Mich. 978 (Mich. Feb. 26, 2001).

## D. Federal Collateral Review Before the District Court

On March 9, 2001, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner presented the following claims as grounds for relief:

I. Petitioner was denied his constitutional right to confront witnesses against him when the prosecutor advised the jury during opening statement that petitioner had confessed to the murder, where the prosecutor without even the pretense of due diligence failed thereafter to produce the witness to the alleged confession, where defense counsel never responded to the issue of the 'confession' in any way, and where the court's instruction failed utterly to remedy the enormous prejudice to the petitioner.

II. Petitioner was deprived of the effective assistance of counsel when trial counsel failed to object or move for mistrial based upon an obvious deprivation of the right to confront witnesses following the prosecutor's unsupported statement to the jury that the petitioner had confessed, and where appellate counsel failed to frame this issue properly as the deprivation of the right to confront witnesses in violation of the Sixth Amendment.

On October 15, 2002, the district court conducted an evidentiary hearing in which it found trial counsel was ineffective, and conditionally granted petitioner a writ of habeas corpus on petitioner's Confrontation Clause claim.[8]

---

[8]The district court determined that habeas corpus relief was not warranted for his claims based on a witness' in-court identification of him.

## 1. Procedural Default Consideration on State Collateral Review

On state collateral review, the Michigan Supreme Court denied petitioner leave to appeal the trial court's denial of his motion for relief from judgment on the ground that petitioner failed "to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Hicks*, 463 Mich. 978 (Mich. Feb. 26, 2001). In so holding, the state court did not specify whether it was relying upon a particular subsection of M.C.R. 6.508(D). Before the district court, petitioner and respondent argued about whether the Michigan Supreme Court's denial rested upon an adequate and independent state procedural law and, in particular, about whether it relied upon subsection (3) of M.C.R. 6.508(D). M.C.R. 6.508(D)(3) provides:

The court may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter [of post-appeal relief], unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior [post-appeal] motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief.

Respondent argued that, in denying petitioner relief under M.C.R. § 6.508(D), the Michigan Supreme Court implicitly relied upon subsection (3). Respondent argued that subsection (3) applied because, although petitioner had presented the factual predicate for his Confrontation Clause claim to the Michigan courts on direct review by virtue of his prosecutorial misconduct claim, he had not presented the legal argument for that claim until state collateral review. Petitioner concedes that he did not expressly present his Confrontation Clause claim on direct review. However, petitioner does argue that he "fairly presented" his Confrontation Clause claim to the Michigan Court of Appeals

on direct review based solely on his presentation of the factual predicate. Accordingly, petitioner argues that there was no basis for procedural default under M.C.R. 6.508(D)(3). Alternatively, petitioner argued that appellate counsel's failure to raise the Confrontation Clause claim on direct review constituted ineffective assistance so as to excuse such default. In support, petitioner claimed that appellate counsel buried the Confrontation Clause issue, the "most significant constitutional deprivation in th[e] case," in a "garden-variety prosecutorial misconduct claim," and that, to the extent that his Confrontation Clause claim is meritorious, such ineffective assistance sufficiently prejudiced him. Respondent countered that petitioner's appellate counsel did not render ineffective assistance by framing the underlying factual predicate as a prosecutorial misconduct claim – the "normal" and "accepted" legal theory – rather than as a Confrontation Clause claim – an "unusual" and "creative" legal theory. Petitioner also asserted that the Michigan Supreme Court's "arbitrary and ambiguous" form order denying him leave to appeal his post-conviction motion for relief from judgment did not constitute an adequate state procedural ground.

The district court held that the Michigan Supreme Court, in denying petitioner leave to appeal his motion for relief from judgment under M.C.R. 6.508(D), relied upon subsection (2), not (3).[9] *Hicks v. Straub*, 239 F. Supp. 2d 697, 706-07 (E.D. Mich. 2003). M.C.R. 6.508(D)(2) provides:

> The court may not grant relief to the defendant if the motion . . . alleges grounds for relief which were decided

---

[9] Petitioner asserted that because the Michigan courts had not decided his Confrontation Clause claim on direct review, the Michigan Supreme Court, on collateral review, could not have relied upon M.C.R. 6.508(D)(2) in denying petitioner leave to appeal his motion for relief from judgment. Thus, petitioner conceded – albeit implicitly – that the Michigan Supreme Court denied him such leave pursuant to M.C.R. 6.508(D)(3).

against the defendant in a prior appeal or proceeding under this subchapter [of post-appeal relief], unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

In so holding, the district court reasoned that, although "[p]etitioner could have presented his Confrontation Clause claim in a clearer manner," he "fairly presented [it] to the Michigan state courts on direct review." *Id.* at 706. The district court underscored that petitioner, in his brief to the Michigan Court of Appeals, argued that the prosecutor engaged in misconduct by relaying in his opening statement petitioner's alleged confession to the murder and then subsequently failing, because of a lack of due diligence, to produce that inmate as a witness at trial. *Id.* Relying upon *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), the district court concluded that the facts underlying the "prosecutorial misconduct claim . . . [that petitioner presented] in his state court briefs were 'well within the mainstream of constitutional law' [on the Confrontation Clause] such that the Michigan state courts should have recognized and addressed the Confrontation Clause issue." *Id.* In further support, the district court posited that petitioner had expressly presented his Confrontation Clause claim, as such, on state collateral review, and that the Michigan trial court, on such review, had agreed with the prosecutor that petitioner's motion for relief from judgment only presented claims that he had previously presented to the state courts on direct review.[10] *Id.* According to the district court, because

---

[10] Respondent's brief states that "[t]he trial court, perceiving no difference in the claim from what had been presented during [p]etitioner's appeal of right, denied the motion on the ground that [p]etitioner could not collaterally attack his conviction on grounds already presented in a prior appeal." Thus, both the district court and respondent seem to contend that the trial court's denial of petitioner's motion for relief from judgment rested on this ground. While the prosecutor made this argument before the trial court in the initial *ex parte* hearing, and while portions of the subsequent hearing, on March 6, 2000, reveal that the trial court

petitioner fairly presented his Confrontation Clause claim to the Michigan courts on direct review, the courts, not petitioner, bear the blame for their failure to recognize and to rule upon that claim. *Id.* The district court found that the state courts' failure to recognize and to address petitioner's fairly-presented Confrontation Clause claim in denying petitioner relief on direct review constituted a constructive denial of that claim for purposes of M.C.R. 6.508(D)(2). *Id.* at 707. After finding that the Michigan Supreme Court denied petitioner leave to appeal under M.C.R. 6.508(D)(2), the court held that this state procedural law is inadequate to bar federal habeas review because it is "simply a rule of *res judicata* barring a defendant from re[-]litigating claims in a motion for relief from judgment which were decided adversely to him in a prior state court decision."[11] *Id.* Thus, the district court found that petitioner had not procedurally defaulted his Confrontation Clause claim on state collateral review. *Id.*

### 2. Procedural Default Consideration on Direct Review

Before the district court, respondent argued that, to the extent petitioner fairly presented his Confrontation Clause claim to the state courts on direct review by virtue of presenting the factual basis underlying his prosecutorial misconduct claim, petitioner, nevertheless, procedurally defaulted that claim. As respondent pointed out, the Michigan Court of Appeals, on direct review, found that

---

examined the Michigan Court of Appeals' decision, the trial court, at that subsequent hearing, expressly considered the merits of petitioner's claims. In its order denying petitioner's motion for relief from judgment, the trial court adopted its reasoning at the subsequent hearing as the basis for that denial.

[11] In so holding, the district court relied upon *Ceja v. Stewart*, 97 F.3d 1246, 1253 (9th Cir. 1996), which held that a state court's application of the rule of *res judiciata* is not an adequate procedural bar to foreclose federal habeas relief.

---

petitioner had procedurally defaulted his prosecutorial misconduct claim by failing to object at trial to its underlying factual predicate – the prosecutor's opening statement relaying petitioner's purported confession. Respondent further argued that trial counsel's failure to object to this alleged Confrontation Clause violation did not constitute ineffective assistance of counsel so as to excuse any such default. Respondent asserted that petitioner's trial counsel chose not to object or move for a mistrial when the state failed to produce Brand as a matter of trial strategy. Specifically, respondent maintained that the failure of Brand to appear was a fortunate turn of events because Brand's testimony would only have strengthened the prosecution's case. Moreover, according to respondent, had trial counsel objected and received a mistrial, there would have been the risk that the government, at the re-trial, would have been able to produce Brand as a witness.

The district court held that, in case the Michigan Court of Appeals, on direct review, found petitioner's Confrontation Clause claim procedurally defaulted due to his trial counsel's failure to object to that underlying violation at trial,[12] that failure constituted ineffective assistance and, thus, excused any such procedural default. After conducting an evidentiary hearing on the matter, the district court agreed with petitioner that trial counsel's assistance was objectively unreasonable for the following reasons: 1) it should have been obvious to

---

[12] On direct review, the Michigan Court of Appeals held that petitioner had failed to preserve his prosecutorial misconduct claim based upon the prosecutor's opening statement on the ground that petitioner had failed to object to this statement at trial, and that, because the jury instructions remedied any prejudice resulting from this statement, no manifest injustice existed to excuse this failure. Thus, as respondent aptly argued, to the extent that petitioner had raised his Confrontation Clause claim on direct review by virtue of presenting the same facts underlying his prosecutorial misconduct claim, the Michigan Court of Appeals' procedural-default ruling would apply with equal force to that claim as well.

him that the prosecutor's failure to produce Brand at trial violated petitioner's right to confrontation; 2) he had no strategic reason not to object to this Confrontation Clause violation; 3) his purported reason for failing to object–that he did not want the prosecution to produce Brand as a witness at any re-trial–was "unreasonable" and "wholly unsupported by the record" due to the availability of substantial impeachment material against Brand;[13] and 4) he did not even obtain an adequate curative instruction because the instruction that the trial court gave did not reference Brand as the jail inmate to whom petitioner allegedly confessed. *Id.* at 712-13. The district court found that, because the prosecutor's unsupported opening statement violated petitioner's right to confront the witnesses against him, trial counsel's deficient representation sufficiently prejudiced petitioner. *Id.* Pursuant to 28 U.S.C. § 2254(d), the district court further found that the prior-state court adjudication denying petitioner's ineffective-assistance-of-trial-counsel claim on the merits constituted an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), the pertinent, clearly-established Supreme Court precedent. *Id.* Thus, the district court found the procedural default doctrine did not bar its review of petitioner's Confrontation Clause claim on the merits. *Id.*

### 3. Adjudication on the Merits

Relying upon *Harris v. Stoval*, 212 F.3d 940 (6th Cir. 2000), the district court held that, where, as here, the petitioner fairly presented his federal constitutional claim of a violation of the confrontation clause to the state courts on direct review, and those courts, in denying that claim, failed

---

[13]According to petitioner, such impeachment evidence includes Brand's admissions that he anticipated that the prosecutor "might" help him out with charges that he was facing at the time, that the alleged confession occurred within feet of a large sign warning that everything was being recorded, and the implausible nature of petitioner having confessed to a complete stranger at the very beginning of their conversation.

to address it, a federal court must conduct an independent review of that state court's decision under 28 U.S.C. § 2254(d). *Id.* at 707. The court reasoned that such a denial constituted an adjudication on the merits – albeit without any reasoning – for purposes of triggering § 2254(d). *Id.*

In reviewing petitioner's Confrontation Clause Claim, the district court found that the prosecutor's opening statement relaying petitioner's purported confession violated petitioner's right to confrontation, and that this violation was not harmless error. *Id.* at 711. The district court further found, pursuant to § 2254(d), that the prior state-court denial of petitioner's Confrontation Clause claim on the merits was an unreasonable application of the pertinent, clearly-established Supreme Court precedent. *Id.* at 712; *see generally Pointer v. Texas*, 380 U.S. 400, 403 (1965), *Bruton v. United States*, 391 U.S. 123 (1968), and *Frazier v. Cupp*, 394 U.S. 731 (1969). Consequently, the district court conditionally granted petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 on his Confrontation Clause claim. *Id.* at 714.

### II.  Analysis

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("ADEPA"), apply to petitioner's habeas petition, which petitioner filed after the effective date of the act. "In a habeas corpus proceeding, we review *de novo* a district court's legal conclusions and its factual findings for clear error." *Lott v. Coyle*, 261 F.3d 594, 606 (6th Cir. 2001). We review *de novo* a district court's determinations regarding a habeas petitioner's procedural default of any of his claims. *Id.* We review *de novo* a district court's determinations concerning a habeas petitioner's ineffective-assistance-of-counsel claim, a mixed question of law and fact. *Id.*

### A. Procedural Default

Subject to two exceptions, 28 U.S.C. § 2254(b)(1)(A) prohibits a federal court from granting "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court ... unless . . . the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(c) provides that an applicant has exhausted the remedies available in state courts only if he no longer has the right to raise the question presented by any available procedure under state law. The procedural default doctrine applies to bar a federal court's review of a state prisoner's federal claim where that prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim–as the exhaustion doctrine requires–and the prisoner cannot cure that failure because state-court remedies are no longer available. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999) (holding that the procedural default doctrine preserves the integrity of the exhaustion doctrine, which "a prisoner could evade . . . by 'letting the time run' on state remedies"); *Coleman v. Thompson,* 501 U.S. 722, 732 (1991) (holding that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion . . . [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).

In deciding whether a petitioner procedurally defaulted a federal claim in state court, we must determine whether: 1) the petitioner failed to comply with an applicable state procedural rule; 2) the last state court rendering judgment on the claim at issue, in fact, enforced the applicable state procedural rule so as to bar that claim; and 3) the state procedural default is an adequate and independent state ground properly foreclosing federal habeas review of the petitioner's federal claim at issue. *Seymour v. Walker,* 224 F.3d 542, 554-55 (citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986)); *Simpson v. Jones,* 238 F.3d 399, 406 (6th

Cir. 2000). If, pursuant to these standards, a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate *either*: 1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or 2) that a lack of federal habeas review of the claim's merits "will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see Murray v. Carrier,* 477 U.S. 478, 496 (1986) (specifying that a 'fundamental miscarriage of justice' will result "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

### 1. Direct Review

We find that, contrary to the district court's conclusion, petitioner procedurally defaulted his Confrontation Clause claim by failing to fairly present it to the Michigan courts on direct review.[14] A petitioner must fairly present to the state

---

[14]The district court and petitioner make much of the fact that respondent, in an *ex parte* hearing before the Michigan trial court on petitioner's motion for relief from judgment, argued that petitioner had presented his Confrontation Clause claim to the state courts on direct review, and that the state courts had decided that issue. In his brief here, petitioner contends that the doctrine of judicial estoppel should operate to bar respondent from now asserting that petitioner had not fairly presented his Confrontation Clause claim to the state courts on direct review.

However, as discussed below, the supreme court denied petitioner leave to appeal under M.C.R. 6.508(D)(3) on the ground that petitioner had improperly failed to raise his Confrontation Clause claim on direct review. Alternatively, to the extent that petitioner suggests that respondent's prior inconsistent position was "successful" because the state trial court had relied upon it in denying petitioner's motion, the actual order denying that motion does not support such a claim. Attached to that order is not the transcript from the *ex parte* hearing, but the transcript from the subsequent hearing, in which the trial court expressly stated that it would address the claim's merits. Moreover, petitioner's brief concedes that the trial court did not find a procedural default, but rather addressed the merits of his Confrontation Clause claim.

In any event, we note that, in his habeas petition–and on state

courts either the substance of or the substantial equivalent of the federal claim that he is presenting to a federal habeas court. A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim." *McMeans,* 228 F.3d at 681. *See also Picard v. Connor,* 404 U.S. 270, 276, 277-78 (1971) (holding that petitioner's challenge to the legality of the indictment was neither the "substantial equivalent" of nor entailed the same "ultimate question for disposition" as his equal protection claim even though it relied upon the same factual basis, and, thus, that the state courts had no *sua sponte* duty to consider whether that factual basis resulted in a equal protection violation). As this Court has previously explained, the exhaustion doctrine requires the petitioner to present "the same claim under the same theory" to the state courts before raising it on federal habeas review. *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987). In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the

---

collateral review–petitioner conceded that he had not raised his Confrontation Clause claim on direct review–that it was "distinct from the general prosecutorial misconduct claim that" petitioner brought on direct review. In fact, petitioner made this contention so as to persuade the trial court that the state courts had not previously decided this claim and to prompt the trial court to address its merits. Moreover, petitioner also conceded to the district court, regarding his prior § 2254 petition, that the Confrontation Clause claim that it presented had not been exhausted on direct review. Indeed, this representation prompted the parties to enter into a stipulation to dismiss that petition so that petitioner could exhaust that claim. Thus, petitioner's contention that the equities compel us to apply the doctrine of judicial estoppel against respondent is not well-taken.

pertinent] constitutional law." *McMeans,* 228 F.3d at 681 (holding that "[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated.") However, a petitioner need not cite "book and verse on the federal constitution." *Picard,* 404 U.S. at 278 (quotation marks and citations omitted).

Because his prosecutorial misconduct and Confrontation Clause claims rest upon the same factual predicate, petitioner, by presenting his prosecutorial misconduct claim on direct review, also presented the factual basis underlying his Confrontation Clause claim. Thus, the issue is whether petitioner, on direct review, presented either the substance of or the substantial equivalent of the legal basis for his Confrontation Clause claim. We find that he did not.

Petitioner referenced the underlying factual predicate neither in terms relating to legal precedent on the Confrontation Clause nor in terms of a specific violation of his right to confrontation. *See Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003) (holding that petitioner fairly presented his federal claim to the state courts where he phrased his claim in terms of the specific denial of a constitutional right–his right to due process of law under the Fifth and Fourteenth Amendments–and alleged the underlying facts upon which that claim was based even though he cited no cases employing federal constitutional analysis). Notably, petitioner never mentioned the terms *confrontation* or *cross-examination.* Rather, petitioner argued only that the prosecutor's opening statement amounted to the "argu[ing] facts not in evidence," and that this instance of prosecutorial misconduct violated his constitutional right to a fair trial.

In addressing the underlying factual foundation in his state court briefs, petitioner did not rely upon any federal legal precedent analyzing a claim under the Confrontation Clause, and only one case upon which he relied discussed the

Confrontation Clause.[15] Petitioner's single reference to one case discussing the Confrontation Clause–where that case, unlike here, involved the *admission into evidence* of transcripts of the former witnesses' incriminating testimony–is insufficient to fairly present a Confrontation Clause claim based upon the prosecutor's opening statement, which is not evidence. *See McMeans*, 228 F.3d at 682 (holding that, even though isolated state cases upon which petitioner relied contained "a few brief references to the Confrontation Clause," petitioner had not "fairly presented" his Confrontation Clause claim to the state courts on direct review because, during that review process, petitioner focused entirely on the state's rape shield law, failed to cite any federal precedent, and simply argued that the trial judge's restriction of his cross-examination denied him a "fair trial" and "due process").

While the district court found that the factual predicate that petitioner presented on direct review fell "well within the mainstream of" Confrontation Clause precedent, we disagree. *Frazier v. Cupp*, 394 U.S. 731 (1969), best illustrates why we arrive at this conclusion. In *Frazier,* the Supreme Court

---

[15]Petitioner cited *People v. Dye*, 427 N.W.2d 501 (Mich. 1988), in arguing that the prosecutor's "belated attempt to produce . . . Brand was hardly a sign of good faith" and, thus, that the prosecutor was "unable to show due diligence in order to use . . . [Brand's preliminary] examination testimony." In *Dye,* the Michigan Supreme Court addressed the substance of and purpose behind the Confrontation Clause; the court held, however, that a "transcript of prior testimony may[,] nevertheless[,] be offered in evidence upon a showing that the witness is unavailable and that the testimony bears satisfactory indicia of reliability." 427 N.W.2d at 504-05 (relying upon M.C.L. § 768.26, which permits the prosecution to use a prior witness' testimony from a preliminary examination, a deposition, or a former trial where the prosecution cannot produce that witness at trial). As part of his duty to establish the witness' unavailability, the Michigan Supreme Court held that the prosecutor, at the defendant's re-trial, had not used due diligence in attempting to produce three witnesses who had testified against the defendant at his first trial and, thus, that transcripts of those witnesses' statements in the first trial were inadmissible. *Id.* at 506-511.

considered a habeas petitioner's claim that the prosecutor's conduct violated his right to confrontation. *Id.* at 734. In that case, the prosecutor, during his opening statement, summarized the anticipated testimony of Rawls, a witness who had pleaded guilty to the same offense for which the petitioner was being tried. *Id.* at 733. The summary "took only a few minutes to recite and was sandwiched between a summary of [the] petitioner's own confession and a description of the circumstantial evidence [that] the [s]tate would introduce." *Id.* Thus, the prosecutor did not emphasize that summary in any particular way. *Id.* Although, "[a]t one point[,] the prosecutor referred to a paper that he was holding in his hands to refresh his memory about something Rawls had said, . . . he did not explicitly tell the jury that this paper was Rawls' confession, nor did he purport to read directly from it." *Id.* at 734. Yet, the state conceded that "the jury might fairly have believed that the prosecutor was referring to Rawls' statement." *Id.* Later, the prosecutor called Rawls to the stand. *Id.* However, the trial court soon dismissed Rawls from the stand after Rawls informed the court that he would invoke his privilege against self-incrimination as to every question concerning the events at issue. *Id.*

Relying upon *Bruton v. United States*, 391 U.S. 123 (1968)*,* and *Douglas v. Alabama,* 380 U.S. 415 (1965), in which the Supreme Court found Confrontation Clause violations, the petitioner in *Frazier* argued before the Supreme Court that "this series of events placed the substance of Rawls' statement before the jury in a way that 'may well have been the equivalent in the jury's mind of testimony,' and the statement 'added substantial, perhaps even critical, weight to the [g]overnment's case in a form not subject to cross-examination.'" *Id.* (internal citations omitted). However, the Supreme Court distinguished petitioner's case from *Bruton* as follows: "[U]nlike the situation in *Bruton*, the jury was not being asked to perform the mental gymnastics of considering an incriminating statement against only one of two defendants in a joint trial." *Id.* Here, unlike *Bruton,* but like *Frazier,* the

jury was not required, via the admission into evidence of a co-defendant's confession inculpating petitioner, to consider that incrimination against only that co-defendant.

The *Frazier* Court also distinguished *Douglas* as follows:

In *Douglas*, the prosecutor called the defendant's coconspirator to the stand and read his alleged confession to him; the coconspirator was required to assert his privilege against self-incrimination repeatedly as the prosecutor asked him to confirm or deny each statement. The Court found that this procedure placed powerfully incriminating evidence before the jury in a manner which effectively denied the right of cross-examination. Here, Rawls was on the stand for a very short time and only a paraphrase of the statement was placed before the jury. This was done not during the trial, while the person making the statement was on the stand, but in an opening statement. In addition, the jury was told that the opening statement should not be considered as evidence. Certainly the impact of the procedure used here was much less damaging than was the case in *Douglas.*

*Id.* at 735 (italics added). Here, unlike in both *Douglas* and *Frazier*, the relevant witness, Brand, was not a co-conspirator who had inculpated petitioner while confessing to the crime. In addition, unlike in both *Douglas* and *Frazier*, the prosecutor did not call Brand to the stand, and, thus, did not, by his questions, read either Brand's entire preliminary examination testimony nor portions of it into the record. Clearly then, unlike in *Douglas,* Brand did not give credence to those questions by consistently asserting his Fifth Amendment privilege.

The *Frazier* Court concluded that the limiting instruction that the jury was not to regard counsels' statements as evidence was sufficient to protect the petitioner's constitutional rights. *Id.* 734-36 (noting that, while "[a] more specific limiting instruction might have been desirable, . . .

none was requested.") The Court reasoned that it is not remarkable "to assume that the jury will ordinarily be able to limit its consideration to the evidence introduced during trial." *Id.* at 736. The Court also emphasized, however, that, "[a]t least where the anticipated, and unproduced, evidence is not touted to the jury as a crucial part of the prosecution's case, 'it is hard . . . to imagine that the . . . minds of the jurors would be so influenced by such incidental statements during this long trial that they would not appraise the evidence objectively and dispassionately.'" *Id.* (citations omitted). The court held that nothing that occurred during the prosecution's opening statement would warrant relief under the Confrontation Clause. *Id.* at 736-37 (also finding that the prosecutor's good faith in expecting the witness to testify, while not controlling as to a deprivation of the petitioner's right of confrontation, precludes any finding of prosecutorial misconduct).

Here, as in *Frazier*, the prosecutor neither emphasized his reference to petitioner's alleged confession in any way nor "touted" that confession as a crucial part of its case to the jury. The opening statement's reference to petitioner's purported confession lasted less than a minute. The reference was "sandwiched" between summaries of the evidence that the government intended to produce, such as witnesses' testimony identifying petitioner and showing that he knew the victim. Moreover, unlike in *Frazier*, the prosecutor did not appear to summarize Brand's preliminary examination testimony in his statement, but, rather, referred to the purported confession generally. While the Supreme Court cautioned in *Frazier* that "[i]t may be that some remarks included in an opening or closing statement could be so prejudicial that a finding of error, or even constitutional error, would be unavoidable," *id.* at 736, a comparison of the facts in this case to those in *Frazier* reveal that this is not such a case. The facts of petitioner's case here are even less damaging than those in *Frazier* where the Supreme Court found no Confrontation Clause violation. Thus, as *Frazier* illustrates, the principle that petitioner claims his factual

predicate invokes – "that a jury may not be told of a defendant's confession [during the prosecutor's opening statement] unless the witness to that alleged confession is subject to cross-examination"– does not fall "well within the mainstream of" Confrontation Clause precedent.

Petitioner contends that his prosecutorial misconduct claim necessarily encompassed the "more serious" Confrontation Clause violation.    However, petitioner's prosecutorial misconduct and Confrontation Clause claim involve distinct legal analyses. *See Frazier,* 394 U.S. at 736-737 (holding that a prosecutor's good or bad faith in expecting a witness to testify is not controlling in determining whether a defendant's right of confrontation, was violated, but finding that, because of the prosecutor's good faith there, no prosecutorial misconduct claim could lie).  Were we to hold that petitioner fairly presented his Confrontation Clause claim to the state courts on direct review, state courts would be compelled to consider *sua sponte* all possible federal legal claims that a petitioner's factual allegations might *arguably* support.  The principle of comity underlying the exhaustion doctrine does not permit us to force state courts to do so.

Because petitioner did not fairly present his Confrontation Clause claim to the Michigan courts on direct review, the state courts, on such review, could not have actually enforced any applicable state procedural rule against that claim.  *See Seymour*, 224 F.3d at 554-55.  We now turn to whether the state courts enforced such a rule against his Confrontation Clause claim on state collateral review.

## 2. State Collateral Review

In a motion for relief from judgment under M.C.R. 6.500, petitioner submitted to the state trial court on collateral review his Confrontation Clause claim along with his claims of ineffective assistance of trial and appellate counsel surrounding their failure to identify and to raise the Confrontation Clause issue, as such, at trial and on direct

review, respectively. As discussed above, the state trial court denied petitioner's motion for relief from judgment. *People v. Hicks*, No. 93-2188FC (Calhoun County Circuit Court March 16, 2000).  Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner leave to appeal the trial court's denial of his motion for relief from judgment on the ground that petitioner failed "to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Hicks*, 463 Mich. 978 (Mich. Feb. 26, 2001).

The district court held that petitioner failed to comply with only M.C.R. 6.508(D)(2) based upon its previous finding that petitioner had fairly presented his Confrontation Clause claim to the state courts on direct review and, thus, that the state courts had decided that claim against petitioner.  Since we have concluded, as discussed above, that petitioner did not fairly present his Confrontation Clause claim to the state courts on direct review, we conclude that petitioner failed to comply with M.C.R. 6.508(D)(3) when he did not raise his Confrontation Clause claim on direct review.[16]

In denying petitioner leave to appeal his motion for relief from judgment under M.C.R. 6.508(D), the Michigan Supreme Court, the last state court rendering judgment on petitioner's Confrontation Clause claim, actually enforced M.C.R. 6.508(D)(3) against petitioner so as to bar its review of that claim.  As *Simpson v. Jones*, 238 F.3d 399, 407-08 (6th Cir. 2000), makes clear, the Michigan Supreme Court's general invocation of M.C.R. 6.508(D) in denying such leave constitutes an adequate, implicit invocation of the specific procedural bar of whichever subsection of M.C.R. 6.508(D) applies. *See Burroughs v. Makowski*, 282 F.3d 410, 413-14

---

[16]Because the state trial court, on collateral review, denied petitioner's Confrontation Clause claim on the merits, petitioner also failed to comply with M.C.R. 6.508(D)(2). Yet, by finding that petitioner procedurally defaulted his Confrontation Clause claim under M.C.R. 6.508(D)(3), we need not and do not decide whether petitioner also did so under subsection (2).

(6th Cir. 2002) (applying *Simpson*).    Because M.C.R. 6.508(D)(3) was both firmly established and regularly followed at the time of petitioner's right to direct appeal, it constitutes an adequate and independent state procedural ground properly foreclosing federal habeas review of his Confrontation Clause claim. *See Friedman v. Smith*, No. 02-1255, 2003 WL 22976586, at * 7 (6th Cir. Dec. 5, 2003) (finding that M.C.R. 6.508(D)(3), which the Michigan legislature promulgated in 1989, has been regularly followed since 1990). We find, therefore, that petitioner procedurally defaulted his Confrontation Clause claim on state collateral review.

Even though petitioner procedurally defaulted his Confrontation Clause claim in state court, he may, nevertheless, obtain federal habeas review of the claim if he demonstrates either: 1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or 2) that a lack of federal habeas review of the claim's merits "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner, pursuing the former route only, contends that his appellate counsel's failure to raise his Confrontation Clause claim on direct review constituted ineffective assistance of counsel in violation of the Sixth Amendment and, thus, serves as the requisite cause to excuse his procedural default under M.C.R. 6.508(D)(3). As to the prejudice component, petitioner contends that the Confrontation Clause violation alleged in his claim was meritorious and would have constituted reversible error.

Attorney error that rises to the level of ineffective assistance of counsel in violation of the Sixth Amendment may constitute cause for a procedural default. *Murray,* 477 U.S. at 488-89. To establish that counsel's assistance was ineffective, the petitioner must demonstrate that: 1) counsel's performance was deficient in that it "fell below an objective standard of reasonableness"; *and* 2) this deficient performance actually prejudiced him in that there is a

reasonable probability that, but for counsel's deficient performance, the proceeding's result would have been different. *Strickland*, 466 U.S. at 687-88, 694.

Here, petitioner has failed to establish that his appellate counsel's failure to raise a Confrontation Clause claim on direct review constituted ineffective assistance under *Strickland* so as to serve as cause to excuse his procedural default of that claim. Even assuming *arguendo* that appellate counsel's failure to raise a Confrontation Clause claim on direct review was objectively unreasonable so as to constitute deficient performance,[17] petitioner has failed to demonstrate that this failure actually prejudiced him. Appellate counsel's failure to raise the Confrontation Clause claim on direct review could only have prejudiced petitioner if there were a reasonable probability that counsel's pursuit of that claim would have resulted in a successful appeal. *McFarland v.*

---

[17]Petitioner did not procedurally default his claim of ineffective assistance of appellate counsel. State collateral review was the first opportunity that petitioner had to raise this claim. In denying petitioner's motion for relief from judgment, the state trial court decided petitioner's ineffective-assistance-of-appellate-counsel claim against petitioner–albeit without any reasoning. Thus, when the Michigan Supreme Court denied petitioner leave to appeal this denial under M.C.R. 6.508(D), it was implicitly invoking only subsection (2) with respect to petitioner's ineffective-assistance-of-appellate-counsel claim.

However, as the district court correctly found, M.C.R. 6.508(D)(2) does not constitute a state procedural ground that is adequate to bar federal habeas review. 28 U.S.C. § 2254(b)(1) prohibits a federal court from granting habeas relief to a state prisoner on a federal claim unless that prisoner has exhausted all available remedies in state court with respect to that claim. Thus, a federal court may not justly find that a prisoner procedurally defaulted his federal claim simply by virtue of receiving an adverse judgment on that claim while attempting to exhaust it in state court. Such a doctrinal Catch-22 would effectively foreclose federal habeas relief. Indeed, state prisoners cannot pursue post-conviction relief in federal court for federal claims for which the state court already granted such relief. In addition, as § 2254(d) illustrates, AEDPA contemplates federal habeas review following an adverse state-court adjudication on the merits of a state prisoner's federal claim.

*Yukins*, 356 F.3d 688, 699 (6th Cir. 2004); *see Williams v. Taylor*, 529 U.S. 362, 392-93 (2000) (holding that, where counsel's ineffective assistance did not deprive the petitioner "of any substantive or procedural right to which the law entitled him," the petitioner cannot satisfy *Strickland*'s "prejudice" component).

Petitioner contends that there is a reasonable probability that, but for appellate counsel's failure to raise a Confrontation Clause claim on direct review, that claim would have prevailed and resulted in a reversal of his conviction. In support, he relies upon *Frazier v. Cupp*, 394 U.S. 731 (1969), *Bruton v. United States*, 391 U.S. 123 (1968), *Douglas v. Alabama*, 380 U.S. 415 (1965), and *Pointer v. Texas*, 380 U.S. 400, 407-08 (1965) (holding that the admission into evidence at the petitioner's trial of a witness' preliminary examination testimony inculpating the petitioner violated his right of confrontation where that witness did not testify at trial and where the petitioner did not have a "complete and adequate opportunity to cross-examine" that witness through counsel at the preliminary examination).[18] However, as discussed above, this case materially differs from *Bruton, Douglas,* and *Pointer*. Petitioner's reliance on *Frazier* is misplaced because the prosecutorial conduct in the present case is even less objectionable than in *Frazier*. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for appellate counsel's failure to raise a Confrontation Clause claim on direct review, that claim would have prevailed and resulted in a reversal of his conviction. Consequently, appellate counsel's failure to raise a Confrontation Clause

---

[18]We examine the merits of petitioner's Confrontation Clause claim only to determine if appellate counsel was unconstitutionally ineffective for failing to raise it on direct review. *See McFarland*, 356 F.3d at 701 n.3.

claim on direct review cannot serve as cause for petitioner's procedural default of that claim.[19]

For the preceding reasons, we REVERSE the district court's grant of a writ of habeas corpus to petitioner and remand to the district court with instruction to dismiss the petition for the writ.

---

[19]Petitioner has also failed to show the requisite prejudice to excuse his procedural default of his Confrontation Clause claim. Because he has not established a Confrontation Clause violation in the first instance, petitioner, thus, cannot establish that he suffered actual prejudice flowing from such a violation.

**CONCURRENCE**

ROGERS, J., concurring.  I concur in the result and in much of the majority's opinion.  It is not sufficiently clear to me, however, that on collateral review the Michigan Supreme Court relied upon MCR 6.508(D)(3), where such an inference relies entirely upon our after-the-fact determination that (D)(3) rather than (D)(2) was the appropriate provision to rely upon.  In *Burroughs*, in contrast, it was "undisputed that Burroughs failed to properly present his arguments for state appellate review."  282 F.3d. at 413.  However, for the reasons given in the majority's discussion of *Douglas, Burton,* and *Frazier*, petitioner has not adequately shown a violation of the Confrontation Clause under applicable Supreme Court precedents.