RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 04a0439p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ROY BLACKMON,

          *Petitioner-Appellee,*

    *v.*

RAYMOND BOOKER,

          *Respondent-Appellant.*

No. 04-1502

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-71206—Arthur J. Tarnow, District Judge.

Argued: December 1, 2004

Decided and Filed: December 29, 2004

Before: SILER, SUTTON, and FARRIS, Circuit Judges.[*]

---

**COUNSEL**

**ARGUED:** Janet A. Van Cleve, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellant. Steven F. Fishman, Detroit, Michigan, for Appellee. **ON BRIEF:** Janet A. Van Cleve, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellant. Steven F. Fishman, Detroit, Michigan, for Appellee.

---

**OPINION**

---

FARRIS, Circuit Judge. Raymond Booker appeals the district court's grant of a petition for a writ of habeas corpus to Roy Blackmon, arguing that Blackmon did not fairly present his federal constitutional claims to the Michigan courts and that the writ was improperly granted on the merits. We reverse.

Blackmon was convicted on one count of homicide, two counts of assault with intent to do great bodily harm, and one count for use of a firearm in the commission of a felony. The victims were bystanders shot on the street. Two eyewitnesses testified that Blackmon was the shooter. The prosecution argued at trial that more witnesses would have testified but for gang-related intimidation.

---

[*] The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Blackmon appealed his convictions on primarily evidentiary grounds, arguing that the trial judge erred by admitting gang-related evidence, that the prosecutor engaged in misconduct in commenting on such evidence at trial, and that the trial judge erred in refusing to dismiss a purportedly biased juror. The Michigan Court of Appeals denied his claims, holding that prosecutorial misconduct had occurred as to some statements made about gang affiliation at trial and finding that the admission of gang-related affiliation evidence was improper, but harmless, given the direct evidence against Blackmon. Petitioner's attempted appeal to the Michigan Supreme Court was denied, as were two state habeas petitions. He then sought habeas relief in federal court.

The district court determined that Blackmon had fairly presented his federal claims in state court, but that since the state courts did not rule on those claims, review in federal court was to be *de novo*. *See Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003) (holding that where a state court did not assess the merits of a claim properly raised in habeas petition, review is *de novo*). According to the court, Blackmon had cited specific constitutional provisions in his briefs and had called on federal constitutional cases for relief, and in so doing had put the state courts on notice of his federal claims. The court found that the admission of gang-related evidence and the prosecutorial statements about gang membership and witness intimidation denied Blackmon his rights to due process and a fair trial.

Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts. *Newton v. Millon*, 349 F.3d 873, 877 (6th Cir. 2003). In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). A petitioner need not cite "chapter and verse" of constitutional law, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), but "[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (6th Cir. 1984)).

Blackmon's only citations to federal authority in his state briefs were (1) claims in his brief headings and conclusions that admission-of-evidence errors and prosecutorial misconduct violated his rights to a fair trial and due process, and (2) secondary citations to federal cases to support his state-based evidentiary and misconduct claims. He did not cite federal case law identifying how errors such as those at his trial constitute denials of "fair trial" and "due process" rights, nor how his case mirrored cases in which such denials have been found. Concomitantly, he failed to develop any cogent arguments regarding those rights beyond the naked assertion that they were violated. Such presentation is insufficient. *See Hicks*, 377 F.3d at 553 (holding that a petitioner merely arguing that the prosecutor's opening statement amounted to "argu[ing] facts not in evidence" violated his constitutional right to a fair trial failed to fairly present a constitutional confrontation clause claim to the state courts); *McMeans*, 228 F.3d at 681 (citing *Petrucelli*, 735 F.2d at 688-89) (noting that general allegations of the denial of rights to a "fair trial" and "due process" do not fairly present claims that specific constitutional rights were violated). To escape procedural default, claims that the rights to due process and to a fair trial have been violated must of themselves be fairly presented, rather than functioning as catchall language appearing within the presentation of other non-constitutional arguments.

Recourse in the state courts remains available for Blackmon to pursue the claims he has attempted to raise in his habeas petition, and the state must be afforded an opportunity to consider and correct any constitutional violations that may have occurred at Blackmon's trial before such claims are brought before the federal courts. *See Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990) (noting that the fair presentation requirement allows the states an opportunity to self-correct, thus "expressing respect for our

dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system"). We reverse the grant of the writ and remand with instructions to dismiss the petition.

REVERSED and REMANDED.