**Joseph WILLIAMS, Petitioner–Appellant,**

v.

**Alan J. LAZAROFF, Respondent–Appellee.**

No. 14–3441.

United States Court of Appeals, Sixth Circuit.

May 12, 2016.

BEFORE: SUHRHEINRICH, McKEAGUE, and DONALD, Circuit Judges.

## OPINION

McKEAGUE, Circuit Judge.

Joseph Williams was convicted of raping his seven-year-old nephew K.W. sixteen years after the incident occurred. He seeks habeas relief on the basis of two claims: (1) his trial counsel was unconstitutionally ineffective for failing to investigate potential alibi witnesses, and (2) his trial counsel was unconstitutionally ineffective for failing to seek a psychiatric expert. Williams failed to raise these claims in state habeas proceedings and so they are procedurally defaulted. He has not demonstrated cause and prejudice to excuse these defaults. Accordingly, we AFFIRM the district court's denial of Williams's habeas petition.

### I

In July 2004, twenty-seven-year-old M.H. told his mother, Rita, that her brother, the defendant Joseph Williams, had molested him when he was twelve and fifteen years old. Rita questioned Williams about this accusation, and Williams sent her a letter admitting to having molested M.H. and stating, "This is the saddest letter I will ever have to write. Yes, I had sexual contacts with [M.H.] when he was just a kid." R. 26, D. Ct. Op. at 1, Page ID 1118. M.H. and his parents decided not to report the incidents to the police. Rita did, however, tell her family, including her brother Glenn, about what Williams had done. In turn, Glenn asked his three sons if Williams had ever had inappropriate sexual relations with them. K.W., who is one of Glenn's sons and the victim in this case, said no.

But in the fall of 2007, twenty-three-year-old K.W. told his parents that Williams had raped him in March 1992, when K.W. was seven years old. The sexual assault occurred at a family gathering when Williams, his nine siblings and many of their spouses, and approximately fourteen nieces and nephews were gathered at the Little Sisters of the Poor nursing home for three days to await the imminent passing of Williams's mother. Because members of the family were nuns with the Little Sisters of the Poor, an entire wing of the nursing home was reserved for them. K.W. was playing hide-and-seek with his brother and cousins. K.W. was the youngest, and his brother and cousins would use the game to ditch him. During the game, he came upon his uncle, Williams, drinking in the common-area parlor. K.W. started talking to his uncle about how he felt bad about being left out. His uncle told him to come lay down next to him "because we were going to play a game." R. 10–3, Trial Tr. at 134, Page ID 648. Williams performed oral sex on K.W. Williams told K.W. "the game wouldn't be over until [K.W.] did the same thing to him" and forced K.W. to reciprocate. *Id.* at 135, Page ID 649. Then, Williams positioned K.W. face down on the carpet and "inserted [something] between [K.W.'s] knees." *Id.* at 136–37, Page ID 650–51. After, Williams told K.W. not to tell anyone what happened. The incident lasted approximately half an hour. K.W. then exited the parlor.

In the fall of 2007, K.W. was troubled by flashbacks of the molestation by his uncle. On December 14, 2007, K.W. checked himself into Barberton Hospital for mental health issues. He remained at the hospital for four or five days. At Barberton, Dr. Reddy diagnosed K.W. with major depression, paranoia, and schizophrenia. After he was discharged, K.W. attended counseling twice a week with a psychiatrist, Dr.

Shaw, and a psychologist, Dr. Davis. Dr. Shaw and Dr. Davis disagreed with Dr. Reddy's determination of schizophrenia, believing that K.W. suffered from post-traumatic stress disorder. None of these doctors testified at trial.

After K.W. confided in him, Glenn questioned Williams about K.W.'s accusations. Williams denied that anything happened, but caveated, "Unless I was drunk or out of it." R. 10–3, Trial Tr. at 57, Page ID 571. On January 2, 2008, Glenn and K.W. reported the rape to the police, armed with Williams's letter admitting to raping K.W.'s cousin, M.H.

Williams was indicted for the following counts against K.W.: three counts of rape of a victim less than thirteen years old, with specifications that defendant purposely compelled the victim to submit by force or threat of force; and one count of kidnapping, with a specification that defendant had a sexual motivation. At trial, Williams testified to an "[e]xtensive" number of "sexual trysts" with males and admitted that some of these encounters were with minors (including M.H.), though "not as often" as "adult partners." R. 53, Trial Tr. at 52–53, Page ID 780–81. He denied, however, molesting K.W. On December 19, 2008, a jury found Williams guilty of all charges. The trial court merged his kidnapping charge with the three other counts and sentenced Williams to three consecutive life sentences. After Williams indicated that he intended to appeal, the court appointed new counsel.

Williams and his brother Donald state that they attempted to contact his appellate counsel several times to express his desire to raise a claim of ineffective assistance of trial counsel in his direct appeal. They claim that appellate counsel never responded and never contacted Williams. Williams raised three issues in his direct

appeal: insufficiency of the evidence, convictions were against the manifest weight of the evidence, and improper introduction of evidence of Williams's sexual contact with M.H. Appellate counsel did not raise an ineffective assistance of trial counsel claim. The Ohio Court of Appeals vacated one of Williams's rape convictions, but it otherwise affirmed his convictions. *State v. Williams,* No. 92714, 2010 WL 118118, at *8 (Ohio Ct.App. Jan. 14, 2010).

Williams filed a *pro se* application to reopen the Ohio Court of Appeals' judgment pursuant to Ohio Rule of Appellate Procedure 26(B),[1] arguing that his appellate counsel on direct appeal was ineffective for failing to raise two ineffective assistance of trial counsel claims and a claim that evidence was improperly admitted. He did not raise the ineffective assistance of trial counsel claim itself. *See Mapes v. Tate,* 388 F.3d 187, 194 (6th Cir.2004) (reasoning that the determination of an ineffective assistance of appellate counsel claim did *not* require deciding the underlying Eighth Amendment claim because all that is required is a determination that, based on the nature of the underlying claim, there is a *reasonable probability* that the defendant would have prevailed on his appeal); *Goff v. Bagley,* 601 F.3d 445, 472 (6th Cir.2010). The Ohio Court of Appeals denied the application, noting that "[a]ppellate counsel in the exercise of professional judgment properly declined to raise an issue without support in the record." R. 10–1, Application to Reopen at 198, Page ID 270. Williams appealed the denial of his application to reopen to the Ohio Supreme Court, asserting for the first time a claim for ineffective assistance of trial counsel, as well as claims for ineffective assistance of appellate counsel and impermissible use of other acts evidence. The Ohio Supreme Court declined review.

Williams then filed a federal petition for habeas corpus, arguing ineffective assistance of trial counsel, ineffective assistance of appellate counsel on direct appeal, and impermissible use of other acts evidence. The district court denied Williams habeas relief, holding that his ineffective assistance of trial counsel claim and his evidentiary claim were procedurally defaulted without cause and prejudice to excuse the default. The district court also evaluated the merits of Williams's claim of ineffective assistance of appellate counsel on direct review and agreed with the state courts that his appellate counsel's decision not to raise the ineffective assistance of trial counsel claims on direct review did not prejudice Williams. The district court did not consider whether Williams's appellate counsel on direct review should have advised Williams on raising his ineffective assistance of trial counsel claims in state habeas proceedings.[2]

The district court denied Williams a certificate of appealability. Initially, this court did so as well, but on rehearing we granted Williams a certificate of appealability. On appeal, Williams brings two claims of ineffective assistance of trial counsel for: (1) failure to investigate and call potential alibi witnesses, and (2) failure to consult a psychiatric expert to explain K.W.'s mental status to the jury.

---

1. Ohio's Rule 26(B) proceedings are considered part of a prisoner's collateral review process. *Lopez v. Wilson,* 426 F.3d 339 (6th Cir.2005) (en banc).

2. Under Ohio law, a prisoner that wishes to bring an ineffective assistance of trial counsel claim based on extra-record evidence must do so in a post-conviction relief petition filed in the sentencing court. Ohio Rev.Code. § 2953.21; *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741, 751 (6th Cir.2013). (For clarity, this is referred to in this opinion as a "state habeas proceeding.") Williams never filed such a petition.

## II. Standard of Review

Williams's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. §§ 2241–2266. The district court denied his petition for a writ of habeas corpus. In an appeal of a § 2254 habeas action, we review the district court's legal conclusions de novo. *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir.2008). "Factual determinations are generally reviewed for clear error, except where the district court has made factual determinations based on its review of trial transcripts and other court records. In such cases, because no credibility determination or findings of fact are required, factual conclusions are reviewed de novo." *Dando v. Yukins*, 461 F.3d 791, 796 (6th Cir.2006) (internal quotation marks and citations omitted).

## III. Procedural Default

■ Williams's ineffective assistance of trial counsel claims are procedurally defaulted because he did not properly raise them in state habeas proceedings. Ohio law requires criminal defendants to bring ineffective assistance of trial counsel claims on direct appeal if the claim is based on the record. *McGuire*, 738 F.3d at 751. But if the claim is based on extra-record evidence, the defendant is required to bring the ineffective assistance of trial counsel claim in a state habeas proceeding by filing a state post-conviction relief petition in the sentencing court. *Id.; see* Ohio Rev.Code § 2953.21. Williams's claims are based on extra-record evidence, but Williams did not file such a state post-conviction relief petition and so his ineffective assistance of trial counsel claims are procedurally defaulted.

### A. The Cause Ground that Arguably Excuses the Default

To excuse a procedural default, a petitioner must show cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). "To show cause, a petitioner must show that 'some objective factor external to the defense impeded ... his efforts to comply with the State's procedural rule.'" *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir.2005) (per curiam) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Williams argues that his procedural default should be excused because his appellate counsel on direct review was unconstitutionally ineffective for failing to advise Williams on how to pursue his ineffective assistance of trial counsel claims and of the deadline for filing a state post-conviction relief petition. "[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will" establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (citing *Murray*, 477 U.S. at 488–89, 106 S.Ct. 2639).

In *Gunner v. Welch*, the habeas petitioner's ineffective assistance of trial counsel claim was also procedurally defaulted because he had not raised it in Ohio's state habeas proceedings. 749 F.3d 511, 515 (6th Cir.2014). Under Ohio law at the time of *Gunner* (and this case), the deadline for filing a post-conviction relief petition in the sentencing court was 180 days after the trial transcript was filed in the court of appeals during the direct appeal. Ohio Rev.Code § 2953.21(A)(2) (2010). Because of this deadline, "the direct appeals process run[s] concurrently with the post-conviction process in criminal cases" in Ohio. *Gunner*, 749 F.3d at 514 (quoting *To Make Changes in the Postconviction Relief Law: Hearing on S.B.4 Before the Subcomm. on Criminal Justice of the S. Comm. on the Judiciary*, 121st Sess. (Ohio Jan. 17, 1995) (statement of Sen. Bruce

Johnson, sponsor of bill)). Thus, *Gunner* held that the petitioner had cause to excuse the procedural default because his appellate counsel on direct review had failed to advise him of the deadline for seeking state post-conviction relief. *Id.* at 520. Following our decision in *Gunner,* Williams's claim that his appellate attorney was unconstitutionally ineffective on direct review for failing to advise him of the deadline for filing his ineffective assistance of trial counsel claims is a cognizable ground to excuse his procedural default.[3]

### B. *The Cause Ground is Itself Procedurally Defaulted*

■ However, a petitioner is required to exhaust his cause ground in state court. *Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Accordingly, Williams was required to bring in state court his claim of ineffective assistance of appellate counsel for failing to advise Williams during his direct appeal of the deadline for state post-conviction proceedings. In Ohio, ineffective assistance of appellate counsel claims must be brought in Rule 26 applications to reopen the appeal. Ohio R.App. P. 26(B)(1). Williams filed a Rule 26(B) application, but did not bring this particular ineffective assistance of appellate counsel claim. *Cf. Gunner,* 749 F.3d at 515 (noting that the petitioner argued in his Rule 26(B) application that appellate counsel had been ineffective for failing to advise him on the time limit for state post-conviction relief). Instead, Williams brought *different* claims: (1) ineffective assistance of appellate coun-

sel for "*failure to raise* the issue of trial counsel's ineffectiveness" for failing to call alibi witnesses, failing to investigate the crime scene, and failing to enlist a psychiatric expert; (2) ineffective assistance of appellate counsel for failure to raise allied offenses as an assignment of error; and (3) ineffective assistance of appellate counsel for failure to thoroughly oppose the improper admission of other acts evidence. R. 10–1, 26(B) Application at 141–49, Page ID 213–21 (emphasis added). Williams claimed in his application reply brief that "trial counsel's ineffectiveness can be shown *solely from the record* " and so should have been raised on direct appeal. *Id.* at 185–87, Page ID 257–59 (emphasis added).

Williams contends that he in fact did present to the Ohio courts the ineffective assistance of appellate counsel claim he now raises in federal habeas. But arguing that his appellate counsel should have *raised* an ineffective assistance of trial counsel claim *on direct review* is not the same as arguing that his appellate counsel should have *advised* him on *state habeas proceedings.* "To present a claim fairly, it is sufficient if the substance of the claim was presented to the state courts, such that the *ultimate question* would have been the same despite variations in the legal theory or factual allegations urged in its support." *Jells v. Mitchell,* 538 F.3d 478, 504 (6th Cir.2008) (emphasis added). But the ultimate question in Williams's 26(B) application was whether his appellate counsel should have raised claims of

---

**3.** His claim that his appellate counsel should have "correct[ed] Williams's mistaken view that a direct appeal, rather than a post-conviction proceeding, was the appropriate forum for litigating his ineffective-assistance-of-trial-counsel claim," Reply Br. 2, is arguably an extension of *Gunner. Gunner* 's holding is related to an Ohio appellate counsel's obligation to inform his client of the filing dead-

line for post-conviction relief petitions. *Gunner,* 749 F.3d at 515, 520. Here, Williams also argues that his appellate counsel should have *told him that his claims should be raised* in a post-conviction relief petition, which is one step closer to *representing* Williams in the state habeas proceeding. Regardless, however, Williams failed to raise this claim in the Ohio courts.

ineffective trial counsel on *direct review,* not whether his appellate counsel should have advised him on bringing an ineffective assistance of trial counsel claim in *state habeas.* This is further evidenced by the decision of the Ohio Court of Appeals, which evaluated whether appellate counsel was ineffective for failing to bring these claims on direct review and concluded that he was not. R. 10–1, Ohio App.Ct. Op. at 197–98, Page ID 269–70 (noting that the record did not contain what the potential witnesses' testimony would have been and so "[a]ppellate counsel in the exercise of professional judgment properly declined to raise an issue without support in the record"). The state courts did not have a fair opportunity to consider and act upon the ineffective assistance of appellate counsel claims that Williams now brings. *See Picard v. Connor,* 404 U.S. 270, 276–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Therefore, Williams's claim of ineffective assistance of appellate counsel during his direct appeal for failing to advise Williams on how to pursue his ineffective assistance of trial counsel claim in state habeas proceedings is procedurally defaulted.

Because this ineffective assistance of appellate counsel claim is procedurally defaulted, Williams must show cause and prejudice to excuse the default. *See Edwards,* 529 U.S. at 450–51, 120 S.Ct. 1587 ("[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself."). Williams claims that the procedural default of his cause ground should itself be excused because of a different ineffective assistance of appellate counsel claim.

He argues that his appellate counsel was ineffective during his direct appeal for failing to meet or speak with him at any point between the filing of the notice of appeal and the issuance of the decision by the Ohio Court of Appeals. This ineffective assistance of appellate counsel claim suffers from the same problem as his original cause ground: Williams did not properly raise this claim in state court. Williams argues that his affidavit filed with his Rule 26(B) application sufficiently raised this claim, but this argument is meritless. A petitioner has not fairly presented a claim to state court if he has only included the basis for that claim in an affidavit and did not raise the claim in a petition or brief to the state court. *See Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Additionally, in his affidavit Williams only discussed his trouble communicating with his appellate attorney in relation to his appellate attorney's failure to raise the ineffective assistance of trial claims on *direct* appeal. *See* R. 10–1, Williams Affidavit at 151–52, Page ID 223–24 (listing appellate counsel's deficiencies as: failing to raise ineffective assistance of trial counsel claims on direct appeal and failing to raise improper admission of evidence claim, and arguing that "[a]ll of the above deficiencies by appellate counsel could have been avoided by appellate counsel if he would have communicated at least once with defendant prior to filing the appellant's brief").

\*　　\*　　\*

Williams's ineffective assistance of trial counsel claims are procedurally defaulted because he did not raise them in a state habeas proceeding as required by Ohio law. He does not have cause and prejudice to excuse this default because his purported cause ground is itself procedurally defaulted. Accordingly, we AFFIRM the district court's denial of habeas relief because Williams's ineffective assistance of

trial counsel claims are procedurally defaulted.